Laverne ROGERS, individually and as next friend of Donald Rogers and Allen Rogers, minors, Plaintiffs,

v.

George DWIGHT and Margaret Dwight, Defendants.

No. 55–C–326.

United States District Court
E. D. Wisconsin.

Nov. 6, 1956.

Hugh M. Matchett, Frank E. O'Reilly, Chicago, Ill., Brooke Tibbs, Milwaukee, Wis., for plaintiffs.

Wolfe, O'Leary & Kenney, Milwaukee, Wis., for defendants.

GRUBB, District Judge.

This action is before the court on defendants' motion to dismiss the complaint on the ground that the complaint fails to state a claim upon which relief can be granted.

Count I of the complaint is brought under the provisions of Chapter 43, § 135, of the Illinois Revised Statutes,

commonly referred to as the Illinois Dram Shop Act. That statute provides:

"Every husband, wife, child, parent, guardian, employer or other person, who shall be injured, in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving alcoholic liquor, have caused the intoxication, in whole or in part, of such person; and any person owning, renting, leasing or permitting the occupation of any building or premises, and having knowledge that alcoholic liquors are to be sold therein, or who having leased the same for other purposes, shall knowingly permit therein the sale of any alcoholic liquors that have caused, in whole or in part, the intoxication of any person, shall be liable, severally or jointly, with the person or persons selling or giving liquors aforesaid, as hereinafter provided; * * *."

Count II of the complaint is brought under another statute, Chapter 43, § 131, of the Illinois Revised Statutes. That statute provides:

"No licensee * * * shall sell, give or deliver alcoholic liquor to any minor, or to any intoxicated person or to any person known by him to be an habitual drunkard, spendthrift, insane, mentally ill, mentally deficient or in need of mental treatment."

Plaintiffs allege that defendants owned, rented or leased a certain building in Chicago, Illinois, with knowledge that alcoholic liquors were to be sold therein; that said defendants sold or gave one Joseph Rogers, the husband of Laverne Rogers and father of Donald and Allen Rogers, alcoholic liquor which, in whole or in part, caused him to be intoxicated, habitually and otherwise. It is further alleged that as a consequence of Joseph Rogers' habitual drunkenness, the plaintiffs have suffered from lack of support and have sustained other damages.

In their motion to dismiss the complaint, defendants specify five particular objections to the complaint. Those objections will now be discussed.

■ 1. Defendants allege that Count I of the complaint is vague and indefinite as to the time or times at which defendants are alleged to have sold or given alcoholic liquors to Joseph Rogers. Vagueness or indefiniteness is not a ground for dismissing a complaint.

"Mere vagueness or lack of detail is not ground for a motion to dismiss, (for failure to state a claim) but should be attacked by a motion for a more definite statement." (Parenthesis supplied.) 2 Moore's Federal Practice (2d Ed.) § 12.08.

■ 2. Defendants allege that the complaint pleads evidence as a ground of dismissal. Under the Federal rules, pleading evidence is no longer a ground for dismissal of an action as long as it appears that the plaintiff is entitled to relief.

"The modern philosophy concerning pleadings is that they do little more than indicate generally the type of litigation that is involved. A generalized summary of the case that affords *fair notice* is all that is required. Pleadings shall be so construed as to do substantial justice. Securities and Exchange Comm. v. Timetrust, Inc., D.C.Cal., 1939, 28 F.Supp. 34, 41. (Emphasis supplied.) Accord, Continental Collieries, Inc., v. Shober, 3 Cir., 1942, 130 F.2d 631, 635.

"Under the 'notice' theory of pleading it is immaterial whether a pleading states 'conclusions' or 'facts' as long as fair notice is given, * * *" 2 Moore's Federal Practice, § 8.13.

■ 3. Defendants contend that Count I of the complaint shows on its

face that the cause of action is barred by virtue of the provisions of Section 135, Chapter 43 of the Illinois Revised Statutes in that the cause of action was not commenced within two years after it accrued.

The portion of Section 135 in question states:

" * * * every action hereunder shall be commenced within two years next after the cause of action accrued."

Neither counsel nor the court have been able to find any Illinois decisions which discuss the application of the above quoted statute. For that reason, this court must construe the statute in question.

In order to properly interpret the statute of limitations, it will be helpful to consider some of the Illinois decisions which have a somewhat indirect bearing on this issue. In Haw v. 1933 Grill, Inc., 1938, 297 Ill.App. 37, 17 N.E.2d 70, the court indicated that under certain circumstances proximate cause would have to be shown by the plaintiff in order to effect a recovery. It was held in Hyba v. C. A. Horneman, Inc., 1939, 302 Ill.App. 143, 23 N.E.2d 564, that the Dram Shop Act is similar in purpose, terms and provisions to the Wrongful Death Statute, S.H.A. ch. 70, § 1 et seq. Thus it appears that recovery under the Dram Shop Act sounds in tort.

In Howlett v. Doglio, 1949, 402 Ill. 311, 83 N.E.2d 708, 712, 62 A.L.R.2d 790, the court stated:

"The statute itself proclaims its purpose in section 1, which declares that the act shall be liberally construed, to the end that the health, safety and welfare of the People of this State shall be protected * *."

It was further stated in Economy Auto Insurance Co. v. Brown, 1948, 334 Ill. App. 579, 79 N.E.2d 854, 855:

"The courts have held that the objective of this provision is to encourage temperance in the consumption of alcoholic beverages by making those who furnish the means of intoxication liable for the damage caused thereby * * *.

"To effectuate this objective, the statute has been construed to confer two separate and distinct causes of action, * * *."

The above cases point out the object of the Dram Shop legislation, that is, the public policy of the state of Illinois. In the construction of the statute, it is of utmost importance that we keep that public policy well in mind. Habitual drunkenness and its effect on the support and welfare of dependents is a condition which generally develops over a long period of time. Since the Illinois legislature has given a cause of action to those injured through habitual drunkenness, the court finds the injury to the plaintiffs a continuing tort with the running of the limitation beginning from the date of the last injury.

"Subject to rules governing single or successive suits, it may be broadly stated that, where a tort involves a continuing or repeated injury, the cause of action accrues at, and limitations begin to run from, the date of the last injury, or when the tortious overt acts cease. In this connection it has been said that one should not be allowed to acquire a prescriptive right to continue a wrongful act. Where the tortious act has been completed, or the tortious acts have ceased, the period of limitations will not be extended on the ground of a continuing wrong." 54 C.J.S., Limitations of Actions, § 169, p. 127.

Any other construction of the statute of limitations would tend to defeat the expressed public policy as set forth by the Illinois legislature.

■ 4. Defendants contend that the complaint shows on its face that plaintiffs are not entitled to the damages prayed for under the provisions of Sections 135 and 136, Chapter 43 of the Illinois Revised Statutes. The complaint alleges loss of support because of the

intoxication of Joseph Rogers. The allegation in question clearly entitles plaintiffs to relief in damages if they are able to prove their case.

If defendants had some other ground for dismissing the action under this heading, the court has not been able to discover it.

■ 5. Defendants contend that Count II of the complaint does not state a cause of action in that Section 131, Chapter 43 of the Illinois Revised Statutes is penal and does not provide for damages in a civil action, and that no such cause of action as pleaded existed at common law. It is the court's view that the contentions of the defendants are valid and that Count II should be dismissed for failure to state a claim upon which relief could be granted.

Although the Illinois courts apparently have never directly considered this issue, the Illinois courts have recognized that the common law gave no cause of action against a dram shop keeper for the intoxication of a patron, either on the theory of a direct wrong or on the ground of negligence. Kreps v. D'Agostine, 329 Ill.App. 190, 67 N.E.2d 416. To the same effect is Economy Auto Insurance Co. v. Brown, supra, in which the court stated that the Dram Shop Act conferred two separate and distinct causes of action unknown at common law against persons who may have caused the intoxication. Civil damage acts were passed to supply a defect in the common law which afforded practically no remedy. 30 Am.Jur. Intoxicating Liquors, § 612.

Section 131 as quoted heretofore is a regulatory or penal statute and is shortly followed by Section 135, the Dram Shop Act. If Section 131 gave a cause of action for civil damages, then Section 135 was and is superfluous. In Howlett v. Doglio, supra, the court stated relative to Section 135:

"The liability imposed and the nature of the damage recoverable is of statutory origin, and is expressly and exclusively defined in the Dram Shop Act."

The court went on to say:

"Application of basic principles of statutory construction forbids an enlargement of the classification of actionable injuries under the Dram Shop Act. A corollary to the rule that the enumeration of certain things in a statute implies the exclusion of all other things is that all exceptions or restrictions other than those designated are excluded under the rule *expressio unius exclusio alterius.*"

It is the decision of this court that since the Illinois legislature granted a new cause of action which had not previously existed at common law, the remedy provided therein is an exclusive remedy and excludes any action for civil damages under Section 131.

■ Defendants also claim that the Dram Shop Act restricts the bringing of an action solely to the courts of Illinois. Section 135 provides:

"* * * and all suits for damages under this Act may be by any appropriate action in any of the courts of this State having competent jurisdiction: * * *."

The language contained in Section 135 appears to be permissive, that is, that suits *may* be brought in courts having jurisdiction.

The cause of action is a personal one and transitory in nature. For that reason, the court finds no reason why this action may not be maintained in this court.

Defendants claim that the complaint fails to state a claim for relief upon which relief may be granted. Aside from the particular objections considered above, it appears that the plaintiffs have stated facts entitling them to relief under some state of facts which could be proved in support of their claim.

The motion of defendants is denied as to Count I of the complaint; defendants' motion is granted as to Count II

of the complaint. Defendants' counsel may draw up an order in accord with this opinion and submit such order to plaintiffs' counsel for approval as to form only.