Argued March 5, 1970, reargued April 5, affirmed in part;
reversed in part May 19, 1971

# WIENER, *Appellant, v.* GAMMA PHI CHAPTER OF ALPHA TAU OMEGA FRATERNITY ET AL, *Respondents.*

485 P2d 18

*William G. Wheatley*, Eugene, argued and reargued and *John E. Jaqua*, Eugene, argued the cause for appellant. On the briefs were Jaqua, Wheatley & Gardner, Eugene.

*Paul D. Clayton*, Eugene, argued and reargued the cause for respondent Gamma Phi Chapter of Alpha Tau Omega Fraternity. With him on the brief were Luvaas, Cobb, Richards & Fraser, Eugene.

*Darst B. Atherly*, Eugene, argued and reargued the cause for respondents Robert O. Davis, Charles F. Larson, Jr., Calvin L. Schmidt and Robert H. Smith, individually and doing business as Country Squire Tree Farm. On the brief were Thwing, Atherly & Butler and Robert G. Dickinson, Eugene.

*Richard Bryson*, Eugene, argued and reargued the

cause for respondent Vira Corp. With him on the brief was Windsor Calkins, Eugene.

*Edward V. O'Reilly*, Eugene, argued and reargued the cause for respondents Kenneth Bruhn and Opal Bruhn. With him on the brief were O'Reilly, Anderson, Richmond & Adkins, Eugene.

*Wayne W. Williamson*, Portland, argued and reargued the cause for respondent Daniel Hamilton Kienow, III. With him on the brief were Mautz, Souther, Spaulding, Kinsey & Williamson and Thomas M. Triplett, Portland.

Before O'CONNELL, Chief Justice, and MCALLISTER, DENECKE, HOLMAN, HOWELL, BRYSON and SCHWAB, Justices.

O'CONNELL, C. J.

This is an action to recover damages for personal injuries resulting from an automobile accident. The trial court entered an order allowing a motion to quash service of summons as to defendant Gamma Phi Chapter of Alpha Tau Omega Fraternity, an unincorporated association, and sustained the demurrers filed by each of the other defendants. Plaintiff appeals from a judgment entered in favor of each of those defendants.

Defendants Vira Corp., Larson, Schmidt, Smith (doing business as the Country Squire Tree Farm), and defendants Bruhn were the owners and operators of the Country Squire Recreation Ranch which was located about ten miles north of Eugene, Oregon. Defendant Gamma Phi Chapter of Alpha Tau Omega Fraternity, an Oregon corporation,[1] is alleged to be a fraternity at the University of Oregon.

---

[1] It appears from the record that there are involved in this case two organizations bearing the name Gamma Phi Chapter of

The allegations of the complaint may be summarized as follows. It is alleged that defendants The Country Squire Motel, Inc. and Country Squire Tree Farm, and Kenneth Bruhn and Opal Bruhn, for valuable consideration agreed with defendant fraternity that they would furnish to the fraternity the Country Squire Recreation Ranch for use by the fraternity and its guests; that defendants knew that beer and other alcoholic drinks would be served or made available to minors, and that minors, or some of them, would leave the premises by automobile and drive toward Eugene, thereby creating an unreasonable hazard and risk of harm to the occupants of the vehicles and to guests invited by and transported to the premises by the defendant fraternity.

It is alleged that defendant Kienow, a member of the fraternity, knew of the agreement and arrangement for the party and knew that some of the members of his fraternity and other college students in attendance would be minors, and having that knowledge, purchased alcoholic beverages for the purpose of making them available to the party and that he had these alcoholic beverages delivered to the Ranch with the knowledge and consent of all of the defendants.

It is alleged that the party was held on October 10, 1964; and among those attending were plaintiff and David Michael Blair, a minor; that with the full knowledge, consent and permission of the owners and operators of the Ranch the fraternity caused beer and other alcoholic drinks supplied by Kienow to be served or made available to David Michael Blair; that about

Alpha Tau Omega Fraternity. One is a corporation. It is the corporation which is involved in the main question in this case, and to which we will refer in the opinion as the "fraternity."

11:00 p.m. on that date, Blair, after consuming a large quantity of beer or other alcoholic beverages, departed for Eugene, driving a Rambler automobile, transporting plaintiff and other guests on behalf of the fraternity. It is then alleged that Blair drove into a building on the way to Eugene, thereby causing injuries to plaintiff.

The complaint charges defendant fraternity with negligence in the following and other particulars:

(1) In causing and permitting intoxicating beverages to be served to Blair, a minor, when defendant knew or should have known Blair was a minor; that defendant knew that Blair had driven an automobile to the premises, that he would necessarily be required to return to Eugene, and that after consuming quantities of alcoholic beverages his driving upon the highways would constitute an unreasonable hazard and risk of harm to plaintiff.

(2) In failing to ascertain and to warn plaintiff of the intoxicated condition of Blair.

(3) In failing to properly supervise the function being held at The Country Squire Recreation Ranch so as to have prevented minors from being permitted to consume alcoholic beverages and so as to have prevented guests at that function from being transported by persons with whom it would be unsafe to ride.

(4) In failing to provide a safe means of transportation from the party when defendant knew, or in the exercise of reasonable care should have known, that such transportation was necessary.

The defendants operating the Country Squire Tree Farm are charged with negligence and with knowingly maintaining a place where alcoholic beverages were served to minors in violation of the laws of Oregon, thereby creating and maintaining a common nuisance.

Defendant Kienow is charged with negligence in that he purchased and delivered alcoholic beverages to the Ranch and that he knew or should have known that the guests would include minors who would drink alcoholic beverages. Defendants Kienow and the fraternity are also charged with assisting in maintaining a common nuisance.

We shall first consider the liability of defendant Kienow. Plaintiff predicates defendant Kienow's negligent liability upon two grounds: (1) the violation of ORS 471.410 (2) providing that "no person other than his parent or guardian shall give or otherwise make available any alcoholic liquor to any person under the age of 21 years," and (2) common law negligence.

■ We think that the design of ORS 471.410(2) was to protect minors from the vice of drinking alcoholic beverages; it was not the purpose of the statute to protect third persons from injury resulting from the conduct of inebriated minors or of imposing liability upon a person contributing to the minor's delinquency by furnishing him with alcohol.[2]

---

[2] It is equally clear that neither defendant Kienow nor any of the other defendants are liable under Oregon's so-called Dram Shop Act, ORS 30.730, which provides as follows:

"Any person who shall bargain, sell, exchange or give to any intoxicated person or habitual drunkard spiritous, vinous, malt or intoxicating liquors shall be liable for all damage resulting in whole or in part therefrom, in an action brought by the wife, husband, parent or child of such intoxicated person or habitual drunkard. The act of any agent or employe shall be deemed the act of his principal or employer for the purposes of this section."

Defendants argue that by enacting this statute, the legislature has prescribed the sole civil remedy against persons who furnish liquor to others. Some jurisdictions have given this effect to their Dram Shop Acts. See, e.g., Rogers v. Dwight, 145 F Supp 537 (E.

The second ground urged by plaintiff presents a different and more difficult question. Ordinarily, a host who makes available intoxicating liquors to an adult guest is not liable for injuries to third persons resulting from the guest's intoxication.[1] There might be circumstances in which the host would have a duty to deny his guest further access to alcohol. This would be the case where the host "has reason to know that he is dealing with persons whose characteristics make it especially likely that they will do unreasonable things."[2] Such persons could include those already severely intoxicated, or those whose behavior the host knows to be unusually affected by alcohol. Also included might be young people, if their ages were such that they could be expected, by virtue of their youth alone or in connection with other circumstances, to behave in a dangerous fashion under the influence of alcohol.

We think that each case must be decided on its own facts,[3] and we reject the rule suggested by the

D. Wis 1956); Beck v. Groe, 245 Minn 28, 70 NW2d 886, 52 ALR2d 875 (1955); Noonan v. Galick, 19 Conn Supp 308, 112 A2d 892 (1955).

We do not think such an interpretation is warranted, at least where the statute, like ours, provides a remedy for a very limited class of plaintiffs. See Berkeley v. Park, 47 Misc2d 381, 262 NYS2d 290 (Sup Ct 1965).

[1] LeGault v. Klebba, 7 Mich App 640, 152 NW2d 712 (1967); see also, 8 ALR3d 1412 and cases there cited.

[2] Prosser on Torts § 33, 175 (3d ed 1964). See also, Rappaport v. Nichols, 31 NJ 188, 156 A2d 1, 9, 75 ALR2d 821 (1959).

[3] See, e.g., the facts in Davis v. Shiappacossee, 155 So2d 365 (Fla 1963) and the allegations of the complaint in Waynick v. Chicago's Last Department Store, 269 F2d 322 (7th Cir 1959). Although these cases involve the commercial sale of liquor, not its furnishing in a social setting, we cite them to illustrate circumstances in which the furnishing of alcohol could well be found to be unreasonable.

defendants that furnishing alcohol to others in a social setting, even if the host acts unreasonably, can never give rise to liability for acts of the guest whose intoxication results.

Considering, then, the allegations of the complaint as they apply to defendant Kienow, it is our opinion that they are not sufficient to express a breach of duty to plaintiff in this case. "Duty" in the sense we use it here is, as Prosser has described it, "an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection." Prosser, The Law of Torts 333 (3d ed 1964). We are faced with such a problem of policy formulation in this case.

As we have already indicated, there may be circumstances under which a person could be held liable for allowing another to become dangerously intoxicated. However, we feel that liability should not be extended to one who acts only as a conduit in providing alcohol to those who directly serve it to others. A host has a choice of serving alcohol to whomsoever he pleases. In making that choice he may decide to serve the alcohol illegally or under circumstances which create an unreasonable risk of harm to others. We do not think that the harmful consequences of that choice should be visited upon another who has no part in making it. And we take this view even where the one supplying the alcohol might have reason to believe that the host is likely to make an unwise choice in dispensing it to others. The complaint does not allege that Kienow had any control over the direct dispensation of the alcohol at the party. We hold, therefore, that the demurrer to the complaint insofar as it relates to defendant Kienow was properly sustained.

We turn next to the allegations of negligence on the part of the owners and operators of the Ranch. It is alleged that they agreed to furnish the premises for the use of the fraternity, knowing that at the party alcohol would be made available to minors and that some of the minors would leave the premises by automobile. It is also alleged that the fraternity served alcohol to Blair with the knowledge, consent and permission of these defendants. They are charged with negligence in allowing minors to resort to the premises for the purpose of illegal drinking, and in failing to adequately supervise the activities on the premises.

■ For reasons similar to those discussed in connection with defendant Kienow, the fact that these defendants furnished the premises for the party should not impose upon them a duty to protect the guests or others from the actions of persons who were allowed to become intoxicated. A failure to supervise would not be negligent because there was no duty to supervise. The premises were rented to the fraternity, and the fraternity gave the party; the fraternity, not the owners of the land, should bear the responsibility for activities of guests who were negligently allowed to become intoxicated.

■ The complaint also alleges that alcohol was made available or served to others, including Blair, with the knowledge, consent and permission of the defendants furnishing the premises. This allegation does not aid plaintiff's case. Defendants could leave to the judgment of the fraternity the manner in which it would serve alcohol to those who attended the party; defendants' consent to the fraternity's decisions violated no duty. A host may have the responsibility under certain circumstances to prevent a guest from volun-

tarily making himself a hazard to himself and others. We will not go further and impose upon third parties the duty to control the host's exercise of judgment.

■ The second count of the complaint, charging the defendants with maintaining a public nuisance in violation of ORS 471.620, also fails to state a cause of action. The statute provides that a place where persons are permitted to resort for the purpose of drinking alcoholic beverages in violation of the law is a common nuisance. Plaintiff relies on the proposition that one who suffers special damage, different from or greater than that suffered by the general public, may maintain an action against one who has created a public or common nuisance.[6] Assuming that the complaint in this case adequately alleges that the Ranch is such a nuisance and that the fraternity and Kienow assisted in maintaining it as such, plaintiff must show more than the special nature of her damage in order to have a cause of action. It must also be shown that her injuries are within the general class of harms which the nuisance statute aims to prevent.[7]

■ The only grounds alleged for designating the Ranch a nuisance under the statute involve violations of ORS 471.410 (2), making it illegal to make alcohol available to minors. As we have said, that statute is intended to protect minors from the evils of alcohol, not to protect the public from injuries caused by intoxicated minors. Even if the defendants were involved in the maintenance of a nuisance, it was not the danger of intoxicated minors driving on the highways which made the Ranch a nuisance, and proving it to have been a nuisance does not give plaintiff a right to recover for the type of harm alleged.

[6] See Wilson v. Parent, 228 Or 354, 365-67, 365 P2d 72 (1961).
[7] See 1 Harper & James, The Law of Torts 84 (1956).

■ Finally, then, we turn to the allegations of the fraternity's negligence. The complaint alleges that the fraternity made arrangements for and conducted the party; that it invited students, some of whom including Blair were minors, to attend; and that it caused beer and other alcoholic drinks to be served or made available to all persons, including Blair. Plaintiff also charges that the fraternity knew or should have known that Blair was a minor, and that he had driven an automobile to the premises and would necessarily have to return to Eugene. Here, we think, are allegations which, if proved, might disclose a situation in which a jury could be permitted to find liability. The fraternity status as host and its direct involvement in serving the liquor to Blair are sufficient to raise the duty, which we have been discussing, to refuse to serve alcohol to a guest when it would be unreasonable under the circumstances to permit him to drink. The allegations that Blair was a minor and that the fraternity ought to have known that he would be driving after the party adequately charge the existence of circumstances from which a jury might conclude that the fraternity's behavior was in fact unreasonable.[9]

We hold, then, that the complaint stated a cause of action against defendant Gamma Phi Chapter of Alpha Tau Omega Fraternity, an Oregon corporation, and that the trial court erred in sustaining that defendant's demurrer. The demurrers of the other defendants were properly sustained.

■ ■ Plaintiff has also attempted to appeal from the trial court's order quashing service of summons on Gamma Phi Chapter of Alpha Tau Omega Fraternity,

[9] See cases cited in footnote 5 supra, and Elder v. Fisher, 247 Ind 598, 217 NE2d 847 (1966).

an unincorporated association. We have recently held that such an order is not appealable. *Ter Har v. Backus,* 256 Or 288, 473 P2d 143 (1970). As we pointed out in that case, securing an order or judgment of dismissal is a prerequisite to appellate review. The questions raised by this portion of the appeal may not, therefore, be considered.

The decision of the trial court is reversed as to defendant Gamma Phi Chapter of Alpha Tau Omega Fraternity, an Oregon corporation. The judgments in favor of defendants Kienow and the owners and operators of the Ranch are affirmed. The appeal from the order quashing service on Gamma Phi Chapter of Alpha Tau Omega Fraternity, an unincorporated association, is dismissed.

McALLISTER, J., concurring in part; dissenting in part.

The majority, having adopted the rule that one who negligently furnishes alcohol to others may be liable for the consequences, then limits the scope of that liability by drawing a line which, in my opinion, is arbitrary and untenable.

I agree that the complaint states a cause of action against the fraternity. It alleges that the fraternity furnished alcohol to Blair, knowing that he was a minor and that he would be driving after the party. Proof of these allegations would justify a jury in finding that the fraternity, through its agents, acted unreasonably when it permitted Blair to drink. The allegations as to the other defendants, in my view, can not be distinguished on any logical basis. The complaint alleges that they knew that minors would be attending the party and would be allowed to drink, and that some of them would be driving back to Eugene.

Knowing this, Kienow furnished the alcohol which was served to Blair, and the owners and operators of the Ranch furnished the premises where it was served. If the fraternity could foresee the danger created by its activities, so could the other defendants. Their actions, as much as those of the fraternity's other agents, contributed to plaintiff's injuries.

The majority does not hold that the allegations do not charge unreasonable behavior on the part of all defendants. Rather, it holds that the well-established rules of negligence will simply not be applied in this situation except to a defendant who has directly served alcohol to a particular minor. I cannot agree with this approach. We have held that, even in the absence of concerted action, two or more persons whose negligence combines to produce a single injury are joint tortfeasors, and any or all may be held liable by the injured party. See *Hills v. McGillvrey*, 240 Or 476, 483, 402 P2d 722 (1965) and cases there cited; *Murray v. Helfrich*, 146 Or 602, 605-607, 30 P2d 1053 (1934). In my opinion, plaintiff has adequately charged negligence on the part of Kienow and of the owners and operators of the Ranch which combined with the negligence of the fraternity's agents at the party to cause plaintiff's injuries. Their demurrers ought to have been overruled.

BRYSON, J., dissenting.

I join in the above dissent. These questions should be decided after the evidence is before us and not on demurrer to the pleadings.