Opinion
 

 CHRISTIAN, J.
 

 Jean K. Coffman appeals from a judgment dismissing her complaint for personal injuries after the court had sustained without leave to amend the demurrer of respondent David Kennedy.
 

 Appellant alleges the following facts in her complaint which, for purposes of this appeal, must be accepted as true: On May 25, 1975, at 6:05 p.m., appellant’s automobile collided with an automobile being driven by one Hughes. Respondent was riding as a passenger in the Hughes vehicle. At the time of the collision Hughes was intoxicated and was speeding. The complaint alleges that Hughes was operating his vehicle in conscious disregard for the safety of others, and that the collision was the proximate result of this conduct of Hughes and of the conduct of Kennedy. It is alleged that Kennedy had served Hughes the alcoholic beverages which had caused Hughes to be intoxicated at. the time of the accident.
 

 Appellant’s first cause of action seeks recovery against Kennedy on a theory of aiding and abetting the wilful misconduct of Hughes. (See generally, Prosser, Law of Torts (4th ed. 1971) § 46, pp. 291-293.) The complaint alleges: “At and for a substantial period of time before the collision defendant Kennedy was aiding, abetting and encouraging the
 
 *32
 
 . . . conduct of Hughes; defendant Kennedy’s conduct in this regard proximately contributed to the collision.” While a defendant may be held liable in tort for actively aiding or encouraging a wrongdoer (see
 
 Thomas
 
 v.
 
 Doorley.
 
 (1959) 175 Cal.App.2d. 545, 550 [346 P.2d 491]), it is essential that the defendant’s own conduct was tortious. The particular defendant who is to be charged with responsibility must have proceeded tortiously—i.e., with intent to commit a tort or with negligence. (See Prosser, Law of Torts,
 
 supra,
 
 § 46, p. 292.) In her first cause of action, appellant has failed to plead facts which show wrongful conduct on the part of respondent (see
 
 Rubinow
 
 v.
 
 County of San Bernardino
 
 (1959) 169 Cal.App.2d 67, 70 [336 P.2d 968];
 
 Pascoe
 
 v.
 
 Southern Cal. Edison Co.
 
 (1951) 102 Cal.App.2d 254, 257 [227 P.2d 555]). It was therefore proper to sustain the demurrer.
 

 Appellant’s second cause of action seeks to impose vicarious liability on respondent for the alleged negligence of the driver on the theory that respondent was a joint adventurer of the driver, Hughes. The complaint alleges that: “At the time of the collision Hughes and defendant Kennedy were engaged in a joint enterprise and the collision was the proximate result of the conduct of Hughes and Kennedy performed pursuant to the accomplishment of the objectives of that joint enterprise.” This allegation fails to state facts sufficient to show the necessary requirements for a joint enterprise—contract, common purpose, and equal right of voice and control. (See
 
 Campagna
 
 v.
 
 Market St. Ry. Co.
 
 (1944) 24 Cal.2d 304, 308-309 [149 P.2d 281];
 
 Pope
 
 v.
 
 Halpern
 
 (1924) 193 Cal. 168, 174 [223 P. 470]; Prosser, Law of Torts,
 
 supra,
 
 § 72, pp. 477, 478.) No joint enterprise existed where there was no contract, common purpose and equal right of voice and control. Something more is required for a joint enterprise than merely traveling together to a destination for a common purpose. (See
 
 DeSuza
 
 v.
 
 Andersack
 
 (1976) 63 Cal.App.3d 694, 701 [133 Cal.Rptr. 920]; Prosser, Law of Torts,
 
 supra,
 
 § 72, at p. 477.) The trial court did not err in sustaining respondent’s demurrer to the second cause of action.
 

 Appellant’s third cause of action seeks to impose liability on respondent on the ground that respondent was negligent in failing to control the driver of the vehicle in which respondent was riding. But there is no duty owed by a passenger to a third person to control the conduct of an automobile driver who may be under the influence of intoxicating beverages. (See
 
 DeSuza
 
 v.
 
 Andersack, supra,
 
 63 Cal.App.3d at pp. 703-704.) A passenger must, of course, exercise ordinary care for
 
 *33
 
 his own safety, and in this regard, has a duty to protect against actual negligence or recklessness of the driver.
 
 (Pobor
 
 v.
 
 Western Pac. R. R. Co.
 
 (1961) 55 Cal.2d 314, 324 [11 Cal.Rptr. 106, 359 P.2d 474].) However, absent a special relationship between the parties, there is no duty to control the conduct of a third person so as to prevent him from causing physical harm to another. (Rest.2d Torts, § 315, pp. 122-123.)
 
 [1]
 

 Appellant’s fourth cause of action alleges that respondent “negligently and unlawfully” furnished alcoholic beverages to the driver, Hughes, who, as a result of intoxication, injured appellant. The complaint alleges that: “Hughes’ intoxicated condition at the time of the collision was negligently and unlawfully induced by defendant Kennedy, in that Kennedy had served Hughes the alcoholic beverages that made him intoxicated at the time of the collision; defendant Kennedy’s negligence and unlawful conduct in this regard proximately contributed to the collision.”
 

 
 *34
 
 The early cases in California and other jurisdictions held that there was no right of action at common law against one who had furnished, whether by sale or gift, intoxicating liquor to a person who thereby becomes intoxicated and consequently injures the person or property of another. (See
 
 Vesely
 
 v.
 
 Sager
 
 (1971) 5 Cal.3d 153, 158-159 [95 Cal.Rptr. 623, 486 P.2d 151];
 
 Deeds
 
 v.
 
 United States
 
 (D.Mont. 1969) 306 F.Supp. 348, 354; Annot. 53 A.L.R.3d 1285, 1286.) The reasoning of these cases was that there was no proximate cause, as a matter of law, because “ ‘one cannot be intoxicated by reason of the liquor furnished him if he does not drink it.’ ”
 
 (Vesely
 
 v.
 
 Sager, supra,
 
 5 Cal.3d 153, 159, quoting
 
 Nolan
 
 v.
 
 Morelli
 
 (1967) 154 Conn. 432 [226 A.2d 383]; see
 
 Deeds
 
 v.
 
 United States, supra,
 
 306 F.Supp. at p. 354.) In
 
 Fuller
 
 v.
 
 Standard Stations, Inc.
 
 (1967) 250 Cal.App.2d 687, 691 [58 Cal.Rptr. 792], this rule was sharply criticized and characterized as “a back-eddy running counter to the mainstream of modern tort doctrine.” In recent years, the courts in a growing number of jurisdictions have reexamined the rule of the earlier cases in the light of present-day conditions and have established some exceptions to the earlier rule. While recognizing the application of the rule to the so-called “able bodied” person, certain exceptions have been made where liquor was furnished to a minor or to a person obviously intoxicated, often in contravention of a criminal statute.
 
 [2]
 

 In 1971, in
 
 Vesely
 
 v.
 
 Sager, supra,
 
 5 Cal.3d 153, the California Supreme Court “unmasked the common law fiction” and “declared that the real question to be decided in each case is one not of probable cause but rather whether the defendant is guilty of a breach of duty to the injured party.”
 
 (Brockett
 
 v.
 
 Kitchen Boyd Motor Co., supra,
 
 24 Cal.App.3d 87, 90.) Rejecting the reasoning of the early cases, the
 
 Vesely
 
 court stated that: “[I]t is clear that the furnishing of an alcoholic beverage to an intoxicated person may be a proximate cause of injuries inflicted by that individual upon a third person. If such furnishing is a
 
 *35
 
 proximate cause, it is so because the consumption, resulting intoxication, and injury-producing conduct are foreseeable intervening causes, or at least the injuiy-producing conduct is one of the hazards which makes such furnishing negligent.”
 
 (Vesely
 
 v.
 
 Sager, supra,
 
 5 Cal.3d at p. 164.) The court held that a commercial vendor who furnishes alcoholic beverages to a visibly intoxicated person breaches a duty to a third person who is injured as a result of the intoxication. The
 
 Vesely
 
 court noted that the statute prohibiting the furnishing of alcoholic beverages to an obviously intoxicated person (Bus. & Prof. Code, § .25602) was adopted for the purpose of protecting members of the general public from injuries resulting from the excessive use of intoxicating beverages. Since a presumption of negligence arises from the violation of a statute which has been enacted to protect a class of persons of which the plaintiff is a member (see Evid. Code, § 669), and since section 25602 of the Business and Professions Code was adopted for the purpose of protecting members of the general public from injuries resulting from the excessive use of intoxicating liquor, a presumption of negligence will arise where section 25602 of the Business and Professions Codie has been violated.
 
 (Vesely
 
 v.
 
 Sager, supra,
 
 5 Cal.3d at pp. 164-165.) Since the issue was not presented in that case,
 
 Vesely
 
 did not decide whether a
 
 noncommercial
 
 furnisher of alcoholic beverages may be held liable in tort for providing alcoholic beverages to an obviously intoxicated person who, as a result of intoxication, injures a third person. (5 Cal.3d at p. 157.)
 

 In
 
 Brockett
 
 v.
 
 Kitchen Boyd Motor Co., supra,
 
 24 Cal.App.3d 87, the court, basing its decision on the reasoning employed in
 
 Vesely
 
 v.
 
 Sager,
 
 held that
 
 any person,
 
 “whether he is in the business of dispensing alcoholic beverages or not, who disregards the legislative mandate [of § 25658, Bus. & Prof. Code] breaches a duty to anyone who is injured as a result of the minor’s intoxication and for whose benefit the statute was enacted.” (24 Cal.App.3d at p. 93.) The
 
 Brockett
 
 court limited its holding to the specific facts of that case, where an employer had knowingly made available to a
 
 minor
 
 at a Christmas party, copious amounts of alcoholic beverages, with knowledge that the minor was going to drive a vehicle upon the public highways. The
 
 Brockett
 
 court did riot reach the broader question as to whether a noncommercial furnisher of alcohol might be subject to liability under section 25602 for injuries caused to third persons by obviously intoxicated guests: “We do riot reach the broad question as to whether a host at a social gathering is subject to liability under section 25602 for injuries caused by intoxicated guests. Section
 
 *36
 
 25658 is directed to a special class; it pertains to young people who because of their tender years and inexperience are unable to cope with the imbibing of alcoholic beverages. Under this section a person’s duty is unequivocal; it requires no expertise to perform; it involves no exercise of judgment, nor is one faced with undue' difficulties because of traditional niceties or convention or compulsion.” (24 Cal.App.3d at pp. 93-94.) Other jurisdictions have also held that a social host who furnishes excessive amounts of intoxicating liquor to a minor on a social occasion, knowing that the minor is going to drive a vehicle upon the public highways, may be held liable for the intoxicated minor’s negligent acts which caused injury to an innocent third party. (See, e.g.,
 
 Linn
 
 v.
 
 Rand, supra,
 
 356 A.2d 15, 18;
 
 Brattain
 
 v.
 
 Herron, supra,
 
 309 N.E.2d 150, 156-157;
 
 Giardinav. Solomon, supra,
 
 360 F.Supp. 262, 263-264.)
 

 The proper rule is that stated in
 
 Wiener
 
 v.
 
 Gamma Phi Chap, of Alpha Tau Omega Frat., supra,
 
 485 P.2d 18, 21-22:
 

 “Ordinarily, a host who makes available intoxicating liquors to an adult guest is not liable for injuries to third persons resulting from the guest’s intoxication. There might be circumstances in which the host would have a duty to deny his guest further access to alcohol. This would be the case where the host ‘has reason to know that he is dealing with persons whose characteristics make it especially likely that they will do unreasonable things.’
 
 Such persons could include those already severely intoxicated, or those whose behavior the host knows to be unusually affected by alcohol.
 
 Also included might be young people, if their ages were such that they could be expected, by virtue of their youth alone or in connection with other circumstances, to behave in a dangerous fashion under the influence of alcohol.
 

 “We think that each case must be decided on its own facts, and we reject the rule suggested by the defendants that furnishing alcohol to-others in a social setting, even if the host acts unreasonably, can never give rise to liability for acts of the guest whose intoxication results.” (Italics added; fns. omitted.)
 
 [3]
 

 
 *37
 
 In the present case, the allegations of appellant’s complaint are not sufficient to state a breach of duty owed to appellant. The complaint does not allege that respondent negligently furnished alcoholic beverages to a severely or “obviously intoxicated” person. (See Bus. & Prof. Code, § 25602.) Nor is there any allegation that respondent negligently and unlawfully furnished intoxicating beverages to an obviously, intoxicated person with knowledge that the intoxicated person was going to be driving a vehicle on the public highways,
 

 Appellant contends that the trial court abused its discretion in not granting her the right to amend the original complaint. In
 
 Greenberg
 
 v.
 
 Equitable Life Assur. Society
 
 (1973) 34 Cal.App.3d 994, 998 [110 Cal.Rptr. 470], the court stated: “An order sustaining a demurrer without leave.to amend ‘ordinarily constitutes an abuse of discretion, if there is a reasonable possibility that the defect can be cured by amendment.’ (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 844.) Liberality in permitting amendment is the rule, not only where a complaint is defective as to form but also where it is deficient in substance, if a fair prior opportunity to correct the substantive defect has not been given. (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 845; see also
 
 Halstedv. County of Sacramento,
 
 243 Cal.App.2d 584, 586 [52 Cal.Rptr. 637], ‘[T]he denial of. . . permission [to amend] is now usually found to be an abuse of discretion, except where the impossibility of amendment to state a cause of action is clear.’)” Where the complaint does, not show on its face that it is incapable of amendment, it is generally an abuse of discretion to sustain without leave to amend a demurrer to an original complaint.
 
 (Phillips
 
 v.
 
 Phillips
 
 (1955) 137 Cal.App.2d 651, 653 [290 P.2d 611]; see
 
 Zumbrun
 
 v.
 
 University of Southern California
 
 (1972) 25 Cal.App.3d 1, 8 [101 Cal.Rptr. 499, 51 A.L.R.3d 991].) “An amendment should be allowed where the defect, although one of
 
 substance,
 
 may possibly be cured by supplying omitted allegations, and the plaintiff has not had a fair opportunity to do so, as where the demurrer was sustained to his first complaint.” (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 845, p. 2450.) The appellate court is not in a position to determine whether it will be possible for appellant to amend her complaint so that any of her causes of action will state a ground for relief. The trial court should have afforded appellant the opportunity to amend.
 

 The judgment is reversed with directions to permit appellant to file an amended complaint.
 

 Caldecott, P. J., and Rattigan, J., concurred.
 

 [1]
 

 Restatement Second of Torts section 315, provides as follows: “There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless “(a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person’s conduct, or “(b) a special relation exists between the actor and the other which gives to the other a right to protection.” Comment b to Restatement Second of Torts section 315, states:
 
 “b. Distinction between duly to act for another’s protection and duly to act for self-protection.
 
 In the absence of either one of the kinds of special relations described in this Section, the actor is not subject to liability if he fails, either intentionally or through inadvertence, to exercise his ability so to control the actions of third persons as to protect another from even the most serious harm. This is true although the actor realizes that he has the ability to control the conduct of a third person, and could do so with only the most trivial of efforts and without any inconvenience to himself.
 
 Thus if the actor is riding in a third person’s car merely as a guest,
 
 he is not subject to liability to another run over by the car even though he knows of the other’s danger and knows that the driver is not aware of it, and knows that by a mere word, recalling the driver’s attention to the road, he would give the driver an opportunity to stop the car before the other is run over. On the other hand, under the rule stated in § 495, the actor is guilty of contributory negligence if he fails to exercise an ability which he in fact has to control the conduct of any third person, where a reasonable man would, realize that the exercise of his control is necessary to his own safety. Thus if the actor, while riding merely as a guest, does not warn the driver of a danger of which he knows and of which he has every reason to believe that the driver is unaware, he becomes guilty of contributory negligence which precludes him from recovery against another driver whose negligent driving is also a cause of a collision in which the actor himself is injured.” (Italics added.) The owner of an automobile may be under a duty to control the conduct of one who is driving the owner’s automobile in the owner’s presence. (See Rest.2d Torts, § 318; Prosser, Law of Torts,
 
 supra,
 
 § 56, p. 349.)
 

 [2]
 

 Deeds
 
 v.
 
 United States, supra,
 
 306 F.Supp. 348, 355; see
 
 Brockett
 
 v.
 
 Kitchen Boyd Motor Co.
 
 (1972) 24 Cal.App.3d 87, 93 [100 Cal.Rptr. 752];
 
 Linn
 
 v.
 
 Rand
 
 (1976) 140 N.J.Super. 212 [356 A.2d 15, 19];
 
 Rappoport
 
 v.
 
 Nichols
 
 (1959) 31 N.J. 188 [156 A.2d 1, 75 A.L.R.2d 821];
 
 Brattain
 
 v.
 
 Herron
 
 (1974) 159 Ind.App. 663 [309 N.E.2d 150, 156];
 
 Adamian
 
 v.
 
 Three Sons, Inc.
 
 (1968) 353 Mass. 498 [233 N.E.2d 18, 19, 20];
 
 Thaut
 
 v.
 
 Finley
 
 (1973) 50 Mich.Ápp. 611 [213 N.W.2d 820, 821-822];
 
 Wiener
 
 v.
 
 Gamma Phi Chap, of Alpha Tau Omega Frat.
 
 (1971) 258 Ore. 632 [485 P.2d 18, 21-22, 53 A.L.R.3d 1276];
 
 Davis
 
 v.
 
 Shiappacossee
 
 (Fla. 1963) 155 So.2d 365; see also
 
 Marusa
 
 v.
 
 District of Columbia
 
 (D.C.Cir. 1973) 484 F.2d 828, 833-835 [157 App.D.C. 348];
 
 Waynick
 
 v.
 
 Chicago’s Last Department Store
 
 (7th Cir. 1959) 269 F.2d 322 [77 A.L.R.2d 1260], cert, den., 362 U.S. 903 [4 L.Ed.2d 554, 80 S.Ct. 611];
 
 Giardina
 
 v.
 
 Solomon
 
 (M.D.Pa. 1973) 360 F.Supp. 262, 263-264;
 
 McNally
 
 v.
 
 Addis
 
 (1970) 65 Misc.2d 204 [317 N.Y.S.2d 157, 179],
 

 [3]
 

 Some jurisdictions have held to the contrary, that on policy grounds, a social host’s furnishing of alcohol to guests in a social setting may never give rise to liability for the acts of the intoxicated guest. (See
 
 Hulse
 
 v.
 
 Driver
 
 (1974) 11 Wn.App. 509 [524 P.2d 255];
 
 Carr
 
 v.
 
 Turner
 
 (1965) 238 Ark. 889 [385 S.W.2d 656, 658];
 
 LeGault
 
 v.
 
 Klebba
 
 (1967) 7 Mich.App. 640 [152 N.W.2d 712].)