[Civ. No. 15929. Third Dist. June 16, 1978.]

SANDRA E. KING, Plaintiff and Appellant, v.
JOHN A. LADYMAN et al.,
Defendants and Respondents.

## COUNSEL

Wallace J. Smith and Richard M. Brewer for Plaintiff and Appellant.

Barrett, Newlan & Matheny, Anthony J. Poidmore and Jack Thornton for Defendants and Respondents.

## Opinion

**REGAN, J.**—In an action for personal injuries, the trial court sustained defendant John A. Ladyman's demurrer *without leave to amend.* Plaintiff appeals from the judgment of dismissal, contending:

1. A third party injured by an intoxicated minor can recover from a social host provider who furnished the minor alcoholic beverages in violation of section 25658 of the Business and Professions Code.

2. One member of a joint enterprise can be liable for the negligence of another.

On August 6, 1975, in the City of Sacramento, a car operated by William Wetzstein (a codefendant in the action) collided with the parked vehicle in which plaintiff was sitting. At the time of the accident, Ladyman was a passenger in the Wetzstein car. Plaintiff alleged she suffered injury to her person and damage to her car as a result of the collision. At the time of the accident both Ladyman and Wetzstein were under 21 years of age.

The complaint alleges that on August 6 Ladyman and Wetzstein undertook a joint enterprise whereby Ladyman was to procure alcoholic beverages and Wetzstein was to provide the use of an automobile in the pursuit of this enterprise. On that date it is alleged that Ladyman did furnish alcoholic beverages to Wetzstein who consumed the same in Ladyman's presence. Thereafter Wetzstein, while under the influence of alcohol, negligently operated his car so as to collide with the vehicle in which plaintiff was parked. The complaint then makes the following allegation:

"That Defendant, JOHN A. LADYMAN, in doing the things as alleged hereinabove did violate Business and Professions Code, section 25658. That Defendant, JOHN A. LADYMAN's said violation, conduct, and participation in said joint enterprise as alleged did directly and proximately cause Plaintiff's injuries as hereinafter set forth."

The complaint named as defendants Wetzstein, Ladyman, Thrifty Drug Stores and Ten Does. The action against Wetzstein and Thrifty is apparently still pending. The trial court sustained Ladyman's demurrer on the ground that the complaint failed to state a cause of action. This appeal concerns only the dismissal in favor of the defendant Ladyman.

1. *Social Host—Applicability of Business and Professions Code, section 25658.*

Plaintiff contends her complaint states a cause of action since a third party injured by an intoxicated minor can recover from a social host provider who furnished the minor alcoholic beverages in violation of section 25658 of the Business and Professions Code.[1] We have concluded that the complaint does state a cause of action and, accordingly, the judgment of dismissal must be reversed.

In 1971 the Supreme Court determined that in a purely commercial setting a vendor could be liable if he served alcoholic beverages to a customer in violation of Business and Professions Code section 25602 (sale to intoxicated person). (*Vesely* v. *Sager* (1971) 5 Cal.3d 153, 164-165 [95 Cal.Rptr. 623, 486 P.2d 151].)[2] In *Vesely* the court abandoned the common law rule of nonliability based on concepts of proximate cause and posited the central question in the case as whether defendant owed a duty of care to plaintiff or to a class of which he was a member. (*Id.,* at pp. 163-164.)

This developing rule of liability of the supplier of alcoholic beverages was further extended in the case of *Brockett* v. *Kitchen Boyd Motor Co.* (1972) 24 Cal.App.3d 87 [100 Cal.Rptr. 752], where the defendant violated section 25658 of the Business and Professions Code by furnishing his employee with liquor and then directing him to drive through traffic to his home. (See Annot. 53 A.L.R.3d 1285; see also 62 Cal.L.Rev. 1025, 1027.)

As pertains to the facts of this case, the language in *Brockett* (at p. 93) is instructive: "[T]he impeccable logic of *Vesely* impels the conclusion that any person, whether he is in the business of dispensing alcoholic beverages or not, who disregards the legislative mandate breaches a duty to anyone who is injured as a result of the minor's intoxication and for whose benefit the statute was enacted. If one wilfully disobeys the law and knowingly furnishes liquor to a minor with knowledge that the minor

---

[1]This section provides, in pertinent part, as follows: "(a) Every person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage to any person under the age of 21 years is guilty of a misdemeanor. (b) Any person under the age of 21 years who purchases any alcoholic beverage . . . is guilty of a misdemeanor . . . ."

[2]The court, at that time, declined to decide whether a noncommercial furnisher of alcoholic beverages may be subject to civil liability under section 25602. (5 Cal.3d at p. 157.)

is going to drive a vehicle on the public highways, as alleged in this case, he must face the consequences. The law, as well as good sense, can demand no less."

In reaching its decision, the *Brockett* court also made these observations (at p. 94): "Section 25658 is directed to a special class; it pertains to young people who because of their tender years and inexperience are unable to cope with the imbibing of alcoholic beverages. Under this section a person's duty is unequivocal; it requires no expertise to perform; it involves no exercise of judgment, nor is one faced with undue difficulties because of traditional niceties or convention or compulsion." In addition, this section was adopted for the express purpose of protecting members of the general public from injuries resulting from the excessive use of alcohol. (*Id.*, at p. 93.)

■ Under the circumstances present here, we conclude that the complaint does state a cause of action. As stated in *Vesely*: "A duty of care, and the attendant standard of conduct required of a reasonable man, may of course be found in a legislative enactment which does not provide for civil liability. [Citations.] In this state a presumption of negligence arises from the violation of a statute which was enacted to protect a class of persons of which the plaintiff is a member against the type of harm which the plaintiff suffered as a result of the violation of the statute. [Citations.]" (5 Cal.3d at p. 164.) In the instant case a duty is imposed upon defendant, even though a minor, (see Prosser, Law of Torts (4th ed. 1971) § 32, pp. 156-157) by section 25658 of the Business and Professions Code. The defendant's breach lies in the commission of an act in violation of this statute, i.e., furnishing of liquor to a minor, a misdemeanor. According to *Brockett,* plaintiff is within that class of persons for whose protection section 25658 was enacted. (24 Cal.App.3d at p. 93.) Any doubt that liability does not extend to a noncommercial supplier of alcoholic beverages was dispelled in *Coulter* v. *Superior Court* (1978) 21 Cal.3d 144 [145 Cal.Rptr. 534, 577 P.2d 669].[3] In summary, we conclude that defendant's demurrer was improperly sustained.

We hasten to add, however, that we are confining ourselves strictly to the allegations of the complaint, and make no comment on the ultimate question of liability under the particular facts of this case. (See *Coulter* v. *Superior Court, supra,* at pp. 155-156; *Bennett* v. *Letterly* (1977) 74 Cal.App.3d 901, 904-905 [141 Cal.Rptr. 682]; *Brockett* v. *Kitchen Boyd Motor Co., supra,* 24 Cal.App.3d at p. 94; see *Wiener* v. *Gamma Phi*

---

[3]In *Coulter,* the court cited the *Brockett* case with approval. (21 Cal.3d at p. 151.)

*Chap. of Alpha Tau Omega Frat.* (1971) 258 Ore. 632 [485 P.2d 18, 22, 53 A.L.R.3d 1276]; cf. *Coffman* v. *Kennedy* (1977) 74 Cal.App.3d 28, 34-37 [141 Cal.Rptr. 267].) It has been well stated: "Neither trial nor appellate courts should be distracted from the main issue, or rather, the only issue involved in a demurrer hearing, namely, whether the complaint, as it stands, unconnected with extraneous matters, states a cause of action.

".    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"... Whether plaintiff is able to establish the allegations made, to the satisfaction of a trial court or jury, or what the final outcome may be, are matters of no importance so far as the present inquiry is concerned." (*Griffith* v. *Department of Public Works* (1956) 141 Cal.App.2d 376, 381 [296 P.2d 838].)

### 2. *Joint Enterprise.*

■ Plaintiff also argues one member of a joint enterprise can be liable for the negligence of another. The requisites have been stated to be as follows: "The necessary elements of a joint enterprise which will justify the imputation of liability are (1) a *community of interest* in the object of the undertaking, and (2) an equal right to *control,* i.e., to direct and govern the conduct of each other with respect thereto." (4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 656, p. 2935.)

Plaintiff asserts both of these elements have been properly pleaded, for both Wetzstein and Ladyman had equal control over the object of the enterprise, i.e., the purchase of the alcoholic beverages. Since plaintiff's complaint contains sufficient allegations of fact to sustain a finding that Ladyman was a coadventurer in a joint enterprise, she concludes that imputation of liability for the negligence of his coadventurer is consistent with the rule of vicarious responsibility set forth in *Buck* v. *Standard Oil Co.* (1958) 157 Cal.App.2d 230 [321 P.2d 67].

This contention has no merit. The applicable principles are well settled. "The negligence of one person is not imputed to another nonparticipant except in the clearest of cases and where the interests of justice demand it. The fundamental rule is that one person, himself free from fault, shall not be required to bear the consequences of the actions of another. Vicarious liability is the exception. It is only where a person actually acts through another to accomplish his own ends that the law will or should impose such vicarious liability. Right of control over the other

person is a test of the required relationship, but it is not itself the justification for imposing liability. Aside from such legal relationships as master and servant, principal and agent, etc., before the courts will find that the parties were joint adventurers there must be clear evidence of a community of interest in a common undertaking in which each participant has or exercises the right of equal or joint control and direction. [Citations.] A joint venture is a sort of mutual agency, akin to a limited partnership. [Citations.] It is not sufficient that the parties have certain plans in common, but the community of interest must be such that the passenger is entitled to be heard in the control of the vehicle. [Citations.] Most of the cases indicate that the common interest must be of some business nature." (*Roberts* v. *Craig* (1954) 124 Cal.App.2d 202, 208 [268 P.2d 500, 43 A.L.R.2d 1146].)

Prosser notes that "it is generally agreed that something more is required for a joint enterprise than the mere showing of a contract or agreement to travel together to a destination for a common purpose. Something in the nature of a common business, financial or pecuniary interest in the objective of the journey is said to be essential." (Prosser, Law of Torts (4th ed. 1971) § 72, pp. 477-478.)

This same argument was pressed upon the court in *DeSuza* v. *Andersack* (1976) 63 Cal.App.3d 694 [133 Cal.Rptr. 920]. The court states (at p. 701): "Driver Harmon and passenger Andersack were 'casually together' for the pleasure of each other's company, as well as for the pursuit of independent ends, with no commercially purposeful venture in mind. Therefore, no vicarious responsibility may be imputed to defendant Andersack under such circumstances." The foregoing principles control here, and hence there is no vicarious liability on the part of Ladyman under plaintiff's alternate theory since no joint enterprise has been established. (Cf. *Bennett* v. *Letterly, supra,* 74 Cal.App.3d at pp. 905-906.)

The judgment is reversed.

Puglia, P. J., and Reynoso, J., concurred.