Argued October 12, reversed December 30, 1971

SALEM SAND & GRAVEL CO. ET AL, *Appellants*,
*v.* CITY OF SALEM, *Defendant*, and CORNELL,
HOWLAND, HAYES & MERRYFIELD, INC.
ET AL, *Respondents*.

492 P2d 271

632

*Cleveland C. Cory,* Portland, argued the cause for appellants. With him on the briefs were Richard A. Franzke and Davies, Biggs, Strayer, Stoel and Boley, Portland.

*John Gordon Gearin,* Portland, argued the cause for respondents. With him on the brief were Gearin, Hollister & Landis, Portland, and John B. Fenner, Corvallis.

Before O'CONNELL, Chief Justice, and DENECKE, TONGUE, HOWELL, and BRYSON, Justices.

HOWELL, J.

Plaintiffs, joint venturers, were successful bidders for the construction of a sewer line for the City of Salem. The defendants are engineers hired by the city to prepare the plans and specifications for the sewer project and to supervise and direct the construction of the project. Plaintiffs filed this action charging fraud and misrepresentation against the City of Salem and the engineers in withholding the results of certain subsurface tests made by the engineers prior to the preparation of the plans and specifications and the calling of bids.

After issue was joined on plaintiffs' third amended complaint, the trial court allowed the defendants' motion for a judgment on the pleadings on the ground that the complaint affirmatively showed that plaintiffs' cause of action was barred by the two-year statute of limitations, ORS 12.110 (1).[1] (The

---

[1] ORS 12.110 (1) states:

"Within two years; determination of period in action for fraud or deceit; injuries to person from professional malprac-

City of Salem was eliminated on the ground of immunity from tort liability.) Plaintiffs appeal only from the judgment dismissing the action against the defendant engineers.

Plaintiffs alleged in their third amended complaint that the City of Salem had engaged defendant engineers to draw the plans and specifications for the sewer project and to supervise the construction. The engineers dug several test trenches and test holes to determine the water and ground conditions that bidders would encounter, and prepared records and photographs of the subsurface conditions. The plaintiffs also alleged that the engineers failed to include all of this data to the bidders on the sewer project and had they done so, the data would have disclosed subsurface conditions "substantially less favorable" for the project than those actually included in the plans and specifications. By including only the favorable data regarding the trenches and test holes, the defendant engineers represented that the subsurface conditions were more favorable than "they were in fact." The said representations were made with intent that plaintiffs rely on them, which the plaintiffs did in submitting their bid for this project. Plaintiffs' bid submitted by March 6, 1963, was accepted. After plaintiffs received the bid and "during the performance" of the project, plaintiffs encountered job conditions substantially less favorable because of excessive water conditions, un-

tice. (1) An action for assault, battery, false imprisonment, for criminal conversation, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; *provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit.*" (Emphasis added.)

stable earth base, and unstable trench walls, which they could not have anticipated based on the engineers' plans and specifications. As a result, plaintiffs were required to incur job expenses in excess of those which could have been reasonably expected. Plaintiffs completed the project in November, 1964.

In plaintiffs' original complaint, filed January 26, 1967, they alleged in paragraph XI that on August 18, 1965, the defendant engineers allowed plaintiffs to examine their files on the sewer job "at which time [plaintiffs] first learned that [defendant engineers] [were] in possession of all the concealed and suppressed documents and data heretofore alleged."

These allegations were stricken by the court. Plaintiffs filed an amended complaint without the stricken allegations. A demurrer on the grounds that the action was not commenced within the statute of limitations was sustained with leave to plaintiffs to amend. Plaintiffs filed a second amended complaint containing the following allegation in paragraph XI:

"[Plaintiffs] relied upon the representations of [defendant engineers] and Salem in the preparation of its bid and in the performance of its contract with Salem. That the full extent of the losses of [plaintiffs] under said contract were not ascertainable by, or known to [plaintiffs] until performance of the aforesaid contract was completed. In December 1964, [plaintiffs] made written inquiry of [defendant engineers] about certain items in the plans and specifications prepared by [defendant engineers].

"In January of 1965 [plaintiffs] presented a written claim to Salem. In March 1965, Salem, acting through its attorney rejected the claim of [plaintiffs]. Thereafter [plaintiffs] acting through one of its attorneys undertook to arrange a con-

ference between representatives of [plaintiffs], [defendant engineers] and Salem to discuss the aforesaid plans and specifications. Said conference was held on August 18, 1965. At that time [defendant engineers] allowed a representative of [plaintiffs] to examine its files with respect to said sewer line job, at which time [plaintiffs] first learned [defendant engineers] had failed to include the test trench and test hole photographs, test trench and test hole logs and well data, in its plans and specifications. That [plaintiffs] had no knowledge that [defendant engineers] had failed to include said data and information in the plans and specifications until August 18, 1965, for the reason that said information was in the exclusive possession and control of Salem and its agent [defendant engineers] until said time."

The trial court again allowed a motion to strike the above paragraph with leave to plaintiffs to amend. Plaintiffs then filed the third amended complaint containing a new paragraph XI which states:

"Although [plaintiffs] exercised reasonable diligence, [plaintiffs] did not discover and had no knowledge that [defendant engineers] had failed to include all of the said test hole photographs, detailed test trench and test hole logs (with engineer's comments) and well data as herein alleged, until August 18, 1965, for the reason that said data and information was in the exclusive possession and control of Salem and its agent, [defendant engineers], until said time."

Defendants again moved to strike the above paragraph, but the court denied the motion and in a memorandum opinion stated:

"The material pleaded in paragraph XI is now pleaded to cure the defect in the Complaint which made it demurrable on its face. *It now for the first time is pleaded to show date of discovery and exercise of reasonable diligence.*" (Emphasis supplied.)

Defendants then filed a demurrer to the third amended complaint alleging, as one of the grounds of the demurrer, that the action was barred by the statute of limitations. The court overruled the demurrer. The defendants filed an answer denying paragraph XI above and further denying "any concealment, suppression, false * * * representations on their part in any particular as alleged or at all * * *." The answer also alleged the statute of limitations as an affirmative defense. Plaintiffs' reply denied the affirmative allegations of defendants' answer.

Thereafter, on motion of the defendants, the court allowed a judgment on the pleadings against plaintiffs on the ground that the plaintiffs' pleading did not negative their failure to bring the action within two years after discovery of the fraud or deceit.

■■■ At the outset in considering the validity of a motion for judgment on the pleadings, the defendants are confronted with the well-established rule that such a motion is not favored by the courts. *Scott & Payne v. Potomac Ins. Co.*, 217 Or 323, 341 P2d 1083 (1959). Issues of fact cannot be tried on a motion for judgment on the pleadings. *Scott & Payne v. Potomac Ins. Co.*, supra; *Smith v. Aplanalp et al*, 126 Or 213, 267 P 1070 (1938). The motion is only allowable when the pleadings taken together affirmatively show that plaintiff has no cause of action against the defendant or when the defendant affirmatively alleges a complete defense which is admitted by the reply. *Morford v. Calif.-West. Life Co.*, 161 Or 113, 88 P2d 303 (1939).

■ Under ORS 12.110(1), an action at law for fraud and deceit must be commenced within two years from the "discovery of the fraud or deceit." "Discovery" means from the time the fraud was known or could have

been discovered through exercise of reasonable care. *Linebaugh v. Portland Mortgage Co.,* 116 Or 1, 8, 239 P 196 (1925).

■ ■ When the pleadings disclose that the action was not commenced within two years after the alleged fraud was consummated, it is necessary for plaintiff to negative lack of diligence in the discovery of the fraud and to set forth the reasons why there was not an earlier discovery of the fraud. *Dixon et ux v. Schoonover et ux,* 226 Or 443, 359 P2d 115, 360 P2d 274 (1961); *Heard v. Coffey et al,* 218 Or 275, 344 P2d 751 (1959); *Huycke et ux v. Latourette et al,* 215 Or 173, 332 P2d 606 (1958). Ordinarily the question of whether reasonable diligence was exercised is a question of fact for the jury. *Dilley v. Farmers Ins. Group,* 250 Or 207, 441 P2d 594 (1968); *Heise v. Pilot Rock Lbr. Co.,* 222 Or 78, 352 P2d 1072 (1960).

The defendants argue that any misrepresentation on their part was discovered, or should have been discovered, by plaintiffs when they encountered job site conditions different from those plaintiffs could have expected based on the plans and specifications submitted by defendants.

■ Plaintiffs' contract was entered into shortly after March 6, 1963. Work was completed in November, 1964. Plaintiffs alleged the fraudulent withholding was not discovered until August 18, 1965. Plaintiffs' first complaint was filed January 26, 1967. In the third amended complaint, they alleged that although they exercised reasonable diligence, they did not discover that defendants failed to include all the pertinent data until August 18, 1965, because such data was in the exclusive possession of defendant engineers. When the defendants denied these allegations and further denied

any concealment or suppression of any data, a question of fact was presented. We cannot say that the pleadings taken together affirmatively showed that plaintiffs' cause of action was barred by the statute of limitations.

■■ Defendants make the additional argument that plaintiffs' third amended complaint is not based on the theory of fraud and deceit because plaintiffs have not alleged that defendants knew the representations were false or made such representations recklessly without knowledge of their truth or falsity. Defendants overlook the established law that fraud may be committed by concealment of material facts as well as by affirmative and positive misrepresentation. *In re Brown*, 255 Or 628, 469 P2d 763, 765 (1970); *Heise v. Pilot Rock Lbr. Co., supra*; *Musgrave et ux v. Lucas et ux*, 193 Or 401, 238 P2d 780 (1951).

While plaintiffs' third amended complaint may not have been a model of pleading, the trial court found prior to the motion for judgment on the pleadings that it alleged sufficient facts to withstand defendants' motion to strike and defendants' demurrer. As the pleadings raised issues of fact, they were not vulnerable to a motion for judgment on the pleadings.

Reversed with directions to set aside the judgment on the pleadings and for further proceedings not inconsistent herewith.