Argued and submitted December 22, 1986, reversed and remanded July 22, Butchek's reconsideration and O'Brien's reconsideration denied October 9, 1987, both petitions for review pending 1988

# MOORE,
*Appellant,*

*v.*

# WILLIS et al,
*Defendants,*

# BUTCHEK et al,
*Respondents.*

## (A8403-01700; CA A37692)

740 P2d 192

Hugh G. Grady, Portland, argued the cause for appellant. With him on the brief was Richard T. Clarke, Portland.

I. Franklin Hunsaker, Portland, argued the cause for respondents Butchek. With him on the brief were Stephen F. English, David A. Ernst, and Bullivant, Houser, Bailey, Hanna, Pendergrass, Hoffman, O'Connell & Goyak, Portland.

Scott J. Meyer, Portland, argued the cause for respondents O'Brien. With him on the brief was Mitchell, Lang & Smith, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

Deits, J., specially concurring in part; dissenting in part.

**NEWMAN, J.**

In this wrongful death action, plaintiff appeals a judgment on the pleadings for defendants Butchek and O'Brien.[1] ORCP 21B. We reverse.

Plaintiff is the personal representative of Moore, the deceased. Moore's minor son, Troy, survived him. In his first claim, based on common law negligence and negligence *per se,* plaintiff alleged that the Butcheks and O'Briens owned and operated taverns and were in the business of selling intoxicating beverages. They served intoxicating beverages to Willis and Phillips during the evening of August 19-20, 1983, when Willis and Phillips were visibly intoxicated. Moore, a taxicab driver, answered a call for a taxicab from the Butcheks. As his passengers, Willis and Phillips threatened Moore, who became fearful for his safety. They struggled with Moore over the possession of a gun, which discharged, killing him. Plaintiff then alleged in paragraph VI:

"The defendants, and each of them, were negligent, and their negligence was the proximate cause of the death of Richard Charles Moore and damage to Troy Moore, as follows:

"1) Defendants, Kenneth Butchek, Mary Butchek, Robert O'Brien and Marilyn O'Brien sold intoxicating liquor to the Phillips who was under the age of twenty-one years without requesting identification when a reasonable person under the same or similar circumstances would have requested identification.[2]

"2) Defendants, Kenneth Dale Butchek, Mary D. Butchek, Robert O'Brien and Marilyn O'Brien sold intoxicating beverages to the defendants, Phillips and Willis, at a time when they were visibly intoxicated, contrary to the Oregon law.[3]

"3) During August 19-20, 1983, the defendants, Phillips and Willis, consumed intoxicating beverages and became intoxicated.

"4) The defendants, Phillips and Willis, directed profane, abusive and threatening languge at Richard Charles

---

[1] Plaintiff obtained default judgments against defendants Willis and Phillips.

[2] The allegation refers to a violation of ORS 471.130(1).

[3] The allegation refers to a violation of ORS 471.410(1).

Moore and caused Richard Charles Moore to fear for his safety.

"5) Defendants, Phillips and Willis, seized Richard Charles Moore physically and caused a gun to discharge, killing Richard Charles Moore."

Plaintiffs do not allege that defendants could have foreseen that they were creating an unreasonable risk of harm to decedent by serving intoxicating beverages to Willis and Phillips when they were visibly intoxicated.

As a second claim, for a statutory tort, plaintiff realleged the allegations of the first claim (except for paragraph VI), the text of ORS 30.950,[4] damages and:

"During the evening of August 19-20, 1983, the defendants Butchek and O'Brien served intoxicating beverages to the defendants Phillips and Willis when they were visibly intoxicated. That said conduct by the defendants Butchek and O'Brien was a cause of death of Richard Charles Moore."

The Butcheks' answer admitted that they served alcoholic beverages to Willis and Phillips, that Moore picked up Willis and Phillips from their tavern in his taxicab, that Mary Butchek called for the taxicab at the request of Willis and Phillips and that Moore brandished a gun, which discharged, killing him in his taxicab. They affirmatively alleged that Moore's death and the damages which plaintiff seeks resulted from Moore's negligence in carrying the gun, arguing with Willis and Phillips and pointing and firing the gun at them. The O'Briens' answer admitted that during an altercation between Moore, Phillips and Willis, a gun discharged, killing Moore. They also alleged affirmatively that Moore's negligence caused his death.

A court should not allow a motion for a judgment on the pleadings unless "the pleadings taken together affirmatively show that plaintiff has no cause of action against the defendant or when the defendant affirmatively alleges a complete defense which is admitted by the reply." *Salem Sand and*

---

[4] ORS 30.950 provides:

"No licensee or permittee is liable for damages incurred or caused by intoxicated patrons off the licensee's or permittee's business premises unless the licensee or permittee has served or provided the patron alcoholic beverages when such patron was visibly intoxicated."

*Gravel Co. v. City of Salem,* 260 Or 630, 636, 492 P2d 271 (1971); *see also Meyers v. Arnold,* 57 Or App 503, 506, 645 P2d 577 (1982). As to the first claim, defendants argue that the court did not err when it granted their motions, because it does not contain an allegation of foreseeability of the risk of harm. Moreover, defendants assert that, in any event, they owed "no duty" to plaintiff's decedent, because his injuries were unforeseeable as a matter of law. As to the second claim, defendants argue that the court did not err, because the only potential harm that the legislature foresaw in enacting ORS 30.950 was the harm that drunk drivers cause.[5] As to both claims, defendants also argue that, as a matter of law, their conduct was not a substantial factor in causing plaintiff's injuries. We reject defendants' arguments. The court erred when it granted defendants' motions for judgment on the pleadings.

A plaintiff must prove foreseeability of the risk of harm in an action based on theories of either common law negligence or negligence *per se. Gattman v. Favro,* 86 Or App 227, 739 P2d 572 (1987). It is not clear, however, what a plaintiff must allege to support that proof. In *Kimbler v. Stillwell,* 303 Or 23, 28, 734 P2d 1344 (1987), the court recently acknowledged that "there have been inconsistent statements

---

[5] Defendants Butchek argued below:

"What was foreseeable from the standpoint of a reasonable bartender in Mrs. Butchek's position was that a cab driver would pick up customers and deliver them safely to their homes. * * * Mrs. Butchek had a right to expect that the cab driver would react rationally if a passenger verbally harassed him. When Mrs. Butchek called the cab for Willis and Phillips, she did not, and no reasonable person could, foresee that Willis and Phillips would become involved in a struggle with the Plaintiff's decedent and that he would be killed with a gun. When Mrs. Butchek called the cab she did not and could not even reasonably foresee the cab driver would be carrying a loaded handgun.

"Defendants owed no duty to decedent under these circumstances * * *. Even if the Court were to find Mr. and Mrs. Butchek owed a duty to the decedent, as a matter of law their conduct was not a substantial factor in causing his injuries."

Defendants O'Brien argued below:

"Oregon simply does not recognize a cause of action based on ORS 30.950 in situations other than injuries by an intoxicated person driving a motor vehicle. Thus, in pleading a claim under ORS 30.950, as under common law, plaintiff must plead that the tortfeasor was visibly intoxicated at the time he was served at [defendants' tavern] and further that the visibly intoxicated person must have caused a *reasonably foreseeable or legislatively foreseen* harm to plaintiff's decedent." (Emphasis in original.)

in opinions" concerning the sufficiency of allegations of a complaint on the question of foreseeability.

In *Mezyk v. National Repossessions,* 241 Or 333, 405 P2d 840 (1965), the court held that it was error to sustain a demurer to a complaint that alleged that the defendant "negligently parked a certain motor vehicle unattended on its used car lot without locking the vehicle or removing the ignition key therefrom." 241 Or at 337. The court stated:

> "We have repeatedly held that if a party alleges that certain acts were done negligently, proof of any facts tending to show that the acts were negligent is admissible.
>
> "* * * * *
>
> "Whether or not the defendant was negligent depends upon whether or not the defendant's conduct in leaving the keys in the car created a likelihood of harm to the plaintiff. This question in turn can be subdivided: (1) Should the defendant have foreseen that someone might very well steal his car because he left the keys in it; and (2) Should he have foreseen that the thief would drive negligently?
>
> "* * * * *
>
> "Under the allegations of the complaint, the plaintiff is entitled to offer any admissible evidence relevant to these two issues. We hold that it is reasonably conceivable that the plaintiff could introduce evidence which would enable the trier of the facts to find that the defendant should have foreseen both of these contingencies." 241 Or at 337. (Citations omitted.)

In *McEvoy v. Helikson,* 277 Or 781, 562 P2d 540 (1977), the court cited *Mezyk* for the same proposition with apparent approval. We relied on *McEvoy* in *Becker v. Barbur Blvd. Equipment Rentals, Inc.,* 81 Or App 648, 652, 726 P2d 967 (1986), *mod* 84 Or App 367, 733 P2d 900, *rev den* 303 Or 535 (1987) in which we stated:

> "The more difficult question * * * is whether the complaint sufficiently alleges that defendants were 'negligent.' The resolution of this question depends on whether plaintiff's injury was foreseeable, because defendants cannot be held liable for harm that reasonable persons would not foresee to be a risk of their conduct. A complaint which alleges negligence need not specifically allege foreseeability to withstand a motion to dismiss. *See McEvoy v. Helikson,* 277 Or 781, 787, 562 P2d 540 (1977)."

The court's opinion in *Kimbler v. Stillwell, supra,* can be read to imply that a negligence complaint must contain an allegation of foreseeability to survive a motion to dismiss. That is not its holding, however, and the opinion discusses the holding in *Mezyk* without discrediting it.

■ Here, plaintiff's first claim alleged that defendants were negligent in certain particulars and that their negligence was the "proximate cause" of the death of decedent. We hold that plaintiff's allegation that defendants were negligent is sufficient. It was not necessary for plaintiff also to allege that decedent's injury was foreseeable.

■ Furthermore, the court could not grant defendants' motions as to the first claim on the basis that decedent's injuries were unforeseeable as a matter of law and, therefore, that defendants owed "no duty" to plaintiff. We do not agree that "no rational fact finder could find defendant's conduct unreasonably to pose a foreseeable risk to the plaintiff." *Donaca v. Curry County,* 303 Or 30, 33, 734 P2d 1339 (1987). Decedent's injuries were not unforeseeable as a matter of law. *See also Fazzolari v. Portland School District No. 1J,* 303 Or 1, 734 P2d 1326 (1987); *Kimbler v. Stillwell, supra; Chartrand v. Coos Bay Tavern,* 298 Or 689, 696 P2d 513 (1985).[6]

■ As to plaintiff's second claim, defendants' argument concerning foreseeability is without merit.[7] *Gattman v. Favro, supra.* Furthermore, we decline to hold that, as a matter of law, defendants' conduct was not a substantial factor in causing decedent's injuries.

Reversed and remanded.

**DEITS, J.,** specially concurring in part; dissenting in part.

For the reasons stated in my dissent in *Gattman v. Favro,* 86 Or App 227, 739 P2d 572 (1987), I dissent from the

---

[6] The Butcheks also argue that plaintiff cannot base his claim of negligence *per se* on ORS 471.410(2), which provides that "no person other than the person's parent or guardian shall sell, give, or otherwise make available any alcoholic liquor to a person under the age of 21 years." Plaintiff does not allege a violation of that statute. *See* nn 1 and 2, *supra.*

[7] Although the O'Briens argued below that, in his statutory tort claim, plaintiff also had to *plead* that decedent's injuries were foreseeable, they do not make that argument on appeal. Moreover, we note that it is without merit. *Gattman v. Favro, supra; Chartrand v. Coos Bay Tavern, supra.*

majority's holding that plaintiff has an actionable statutory tort claim. I reluctantly agree with the majority that plaintiff does state claims for negligence and negligence *per se,* because *Fazzolari v. Portland School Dist. No. 1J,* 303 Or 1, 734 P2d 1326 (1987), precludes us from holding that the shooting of the decedent was unforeseeable to defendants as a matter of law. However, I think it is unreasonable for defendants to be chargeable with foresight of what occurred here.

The anomaly which follows from the majority's decision is that defendants are potentially liable for the fatal injuries which their customers inflicted on the cab driver because they did exactly what they should have done by calling a cab rather than have the customers drive while intoxicated.[1] I recognize that drunk driving is not the *only* socially undesirable behavior in which intoxicated people are more likely to engage than sober persons and that aggressive tendencies are sometimes exacerbated by alcohol. However, that generalization does not alter the fact that it is far more likely that a drunk patron will drive a car after leaving a serving establishment than that he will kill the driver if someone calls a cab for him.

The message today's opinion conveys to owners and servers is that, if they take responsible measures to prevent a likely and identifiable risk of harm, that preventive action itself will create potential liability for every event, however improbable and unpredictable, which may ensue. I hope that message will not deter the owners and employes of serving establishments from recognizing that the likelier risk of harm carries the greater risk of liability with it; it is equally possible, however, that the majority's decision will discourage the salutary practice of sending intoxicated customers home in cabs. Few cab drivers will be saved as a result. To belabor the obvious, relatively few intoxicated *riders* present a homicidal menace, but *every* drunk *driver* does.

---

[1] I do not know whether defendants' motives for calling the cab included the prevention of drunk driving by the customers. For purposes of this opinion, it is unnecessary to decide whether that was their motive or whether their motive is significant. It is beside the point I am making here whether *these* defendents were so motivated. The majority's opinion will reach other owners and servers as well as the defendants in this case.

Whatever merit there may be to the *general* proposition that those who serve alcohol should be held to anticipate everything that their intoxicated customers may do, it is a far more basic proposition that the rules of law which courts develop should not be in conflict with each other and should have some capability of realistic application to a world of real events. The majority's conclusion on the statutory tort issue and its compelled conclusions on the common law and negligence *per se* issues fall well short of those objectives.

In my view, the question here *should not* be whether defendants ought to have foreseen both that their customers might drive while drunk *and* that they might kill the cab driver, but whether, as a matter of law, they ought to have prevented the very foreseeable and likely risk of drunk driving by calling a cab. By any reasonable estimation of probabilities, the harm that befell the driver was very unlikely, and that is not altered by the fact that he was harmed. I would conclude, if we were free to do so, that policy considerations should foreclose an alcohol server's liability for an arguably foreseeable but very remote risk when that risk is incurred to avoid the highly foreseeable and dangerous risk of an intoxicated customer driving a car.[2] I reiterate that our decision today places alcohol servers at risk of liability for doing exactly what they should do.

---

[2] Although the Supreme Court's opinions in *Fazzolari v. Portland School Dist. No. 1J, supra,* and related cases, do not leave us free to decide this case as I have described, the appeal may provide an occasion for the Supreme Court to give further definition to its suggestion in *Donaca v. Curry Co.,* 303 Or 30, 38, 734 P2d 1339 (1987), that there are "extreme cases" in which foreseeability is a question for the court rather than the factfinder. *See Stewart v. Jefferson Plywood Co.,* 255 Or 603, 469 P2d 783 (1970).