Submitted on record and briefs June 16, 1986, reversed and remanded September 16, reconsideration denied December 11, 1987, petition for review pending 1988

HAWKINS,
*Appellant,*

*v.*

CONKLIN,
dba The Shire Inn,
*Respondent.*

(A8401-00244; CA A37535)

742 P2d 672

Thomas C. Siel, Portland, filed the brief for appellant.

Cynthia S.C. Shanahan, Ancer L. Haggerty and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

Deits, J., specially concurring in part; dissenting in part.

## RICHARDSON, P. J.

Plaintiff appeals a judgment on the pleadings in favor of defendant Conklin. He contends that the court erred in setting aside a default entered against Conklin and in granting her motions under ORCP 21B. We affirm the order setting aside the order of default and reverse the order granting defendant judgment on the pleadings.

Plaintiff alleged that he had patronized defendant Conklin's tavern. Shortly after leaving the premises, he was assaulted by defendant Shively and two other unidentified persons[1] who had just been ejected from the tavern. Plaintiff was beaten, knocked to the ground and left lying on the street, where he was run over by a car. He sustained substantial injuries.

Conklin failed to appear, and the court entered an order of default, which was later set aside on her motion.[2] Plaintiff contends that the court erred in setting aside the order of default. He argues that the court abused its discretion and that defendant did not submit a meritorious defense as required by ORCP 71B(1).

After Conklin was served with the complaint and summons, she mailed the documents to her insurance agent. After they were lost in the mail, she mailed copies, which were received. The insurance carrier contacted an attorney, and a motion for relief from default was filed within eight days after the order of default was entered. Conklin also submitted motions under ORCP 21A challenging the complaint.

Contrary to plaintiff's contention, a defaulted defendant need not file a "meritorious" defense to a complaint in order to have the default set aside. ORCP 71B(1) provides that the motion for relief from default "shall be accompanied by a pleading or motion under Rule 21 A." Defendant's motions complied with ORCP 71B. The court did not err in concluding that Conklin's failure to appear was due to excusable neglect,

---

[1] Plaintiff made the following admissions in response to Conklin's request: "There was no contact between plaintiff and John Shively while both were in The Shire Inn; the contact between plaintiff and John Shively occurred across the street from The Shire Inn in a parking lot."

[2] Plaintiff executed a covenant not to sue Shively and he is not involved in this appeal.

*Hiatt v. Congoleum Industries,* 279 Or 569, 569 P2d 567 (1977); *Wagar v. Prudential Ins. Co.,* 276 Or 827, 556 P2d 658 (1976), and in setting aside the order of default.

Plaintiff's other assignments relate to the judgment on the pleadings. Conklin argued that none of the allegations stated a claim against her. Plaintiff's complaint alleges:

"Defendant, Donna Conklin d.b.a. The Shire Inn, was negligent in one or more of the following particulars:

"1. In selling alcoholic beverages to defendants John Shively and John Does A & B when it was obvious that they were visibly and noticeably drunk and under the influence of intoxicating liquors in violation of ORS 30.950.

"2. In violating ORS 471.410.

"3. In not calling the police to remove defendants John Shively and John Does A & B after they threw chairs across the bar and threatened patrons of the Shire Inn with pool cues.

"4. In not providing plaintiff with protection from bodily harm when plaintiff left defendant Shire Inn at or near the same time defendants John Shively and John Does A & B were ejected for their violent and drunken behavior."

Plaintiff alleges four bases for liability. The first, under ORS 30.950, can be characterized as a statutory tort. The second, under ORS 471.410(1), is an allegation of negligence *per se.* The final two specifications are allgations of common law negligence. For the reasons set forth in *Gattman v. Favro,* 86 Or App 227, 739 P2d 572 (1987), and *Moore v. Willis,* 86 Or App 493, 740 P2d 192 (1987), we conclude that plaintiff's first two specifications properly allege claims.

The record does not disclose the precise reasons that the court granted a judgment on the pleadings on the third and fourth specifications of negligence. Conklin argues that the third allegation could not be causally related to plaintiff's injuries, because Shively and his companions would have been on the street to assault plaintiff whether the police or the tavern employes had put them there. She also argues, in response to the fourth allegation, that she and her employes do not have a duty to protect plaintiff off the business premises.

The causal connection between Conklin's conduct

and plaintiff's injuries is a fact issue that cannot be resolved by a motion for judgment on the pleadings. Unless plaintiff invokes a legal duty arising out of a special status or as defined by a legal source outside the common law, "no duty" is a defensive argument requesting that the court limit the defendant's liability and is based on the particular circumstances of each case. *Fazzolari v. Portland School Dist. No. 1J,* 303 Or 1, 734 P2d 1326 (1987); *Kimbler v. Stillwell,* 303 Or 23, 734 P2d 1344 (1987); *Donaca v. Curry Co.,* 303 Or 30, 734 P2d 1339 (1987); *Gattman v. Favro, supra.* In a common law negligence action, the determination of whether liability exists depends on the forseeability of the risk of harm from the defendant's conduct. Given an allegation of negligence, *Moore v. Willis, supra,* that is a fact issue, unless a court can say that the risk was unforseeable as a matter of law. We conclude that the common law allegations are not the "extreme case," *see Donaca v. Curry Co, supra,* that justifies taking that issue from the fact finder. The third and fourth allegations state a claim, and it was error to grant judgment on them.

Reversed and remanded.

**DEITS, J.,** specially concurring in part; dissenting in part.

For the reasons stated in my dissent in *Gattman v. Favro,* 86 Or App 227, 739 P2d 572 (1987), I dissent from the majority's holding that plaintiff has an actionable statutory tort claim. For the reasons discussed in my separate opinion in *Moore v. Willis,* 86 Or App 493, 740 P2d 192 (1987), I reluctantly agree with the majority that plaintiff does state claims for negligence and negligence *per se.*