Argued and submitted October 6, the decision of the Court of Appeals reversed and judgment of the trial court affirmed, December 30, 1988, reconsideration denied January 31, 1989

HAWKINS,
*Respondent on Review,*

*v.*

CONKLIN,
dba The Shire Inn,
*Petitioner on Review.*

(TC A8401-00244; CA A37535; SC S34645)

768 P2d 66

Ridgway K. Foley, Jr., Portland, argued the cause and filed the petition on behalf of the petitioner on review. With him on the petition was Schwabe, Williamson & Wyatt, Portland.

Thomas C. Siel, Portland, argued the cause on behalf of the respondent on review.

Before Peterson, Chief Justice, and Linde, Campbell, Carson, Jones and Gillette, Justices, and Van Hoomissen, Justice pro tempore.

CAMPBELL, J.

## CAMPBELL, J.

We accepted review to determine whether a tavern owner may be liable when one patron assaults and injures another patron after both patrons left the tavern. The plaintiff alleges theories of common law negligence based on the defendant's failure to call the police to have the intoxicated patron removed and her failure to protect the plaintiff when he left the tavern. The plaintiff alleges a theory of negligence based on ORS 471.410. He also seeks to recover under a theory of statutory liability based on ORS 30.950. The trial court granted the defendant's motion for judgment on the pleadings on all of the claims. ORCP 21B.[1] The Court of Appeals reversed, holding that the plaintiff stated claims of statutory liability, negligence *per se,* and common law negligence. *Hawkins v. Conklin,* 87 Or App 392, 742 P2d 672 (1987). We reverse the decision of the Court of Appeals and affirm the judgment of the trial court.

The trial court should grant a motion for judgment on the pleadings when the pleadings, taken together, affirmatively show that the plaintiff has not stated a claim for relief. *Salem Sand v. City of Salem,* 260 Or 630, 636, 492 P2d 271 (1971). The following allegations appear in the complaint:

"Defendant, Donna Conklin d.b.a. The Shire Inn, was negligent in one or more of the following particulars:

"1. In selling alcoholic beverages to defendants John Shively and John Does A & B after when it was obvious that they were visibly and noticeable [sic] drunk and under the influence of intoxicating liquors in violation of ORS 30.950.

"2. In violating ORS 471.410.

"3. In not calling the police to remove defendants John Shively and John Does A & B after they threw chairs across the bar and threatened patrons of the Shire Inn with pool cues.

"4. In not providing plaintiff with protection from bodily harm when plaintiff left defendant Shire Inn at or near the same time defendants John Shively and John Does A & B were ejected for their violent and drunken behavior."

The plaintiff also alleges that Shively and his two

---

[1] ORCP 21B provides "After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings."

companions assaulted the plaintiff after they left the tavern. They allegedly shoved the plaintiff into the path of an oncoming car. As a result, the plaintiff was severely injured.[2]

The Court of Appeals held that the first paragraph of the complaint as set forth above stated a claim of statutory liability based on ORS 30.950. *Hawkins v. Conklin, supra,* 87 Or App at 395.[3] After the Court of Appeals issued its decision upholding the statutory liability claim, this court held that ORS 30.950 does not provide a statutory remedy in favor of plaintiffs who were injured in an assault. *Gattman v. Favro,* 306 Or 11, 24, 757 P2d 402 (1988). Because the plaintiff cannot state a claim of statutory liability based on ORS 30.950, we reverse the Court of Appeals on this issue.

Apparently, paragraph two alleges negligence *per se* based on ORS 471.410(1).[4] This court has held that ORS 471.410(1) is not an appropriate standard for establishing negligence *per se. Stachniewicz v. Mar-Cam Corporation,* 259 Or 583, 586-87, 488 P2d 436 (1971), *overruled in part on other grounds; Davis v. Billy's Con-Teena, Inc.,* 284 Or 351, 356 n 4, 587 P2d 75 (1978). Whether or not we would so hold if the effect of ORS 471.410(1) were before us for the first time today, we follow our practice of giving a prior interpretation of a statute the effect of *stare decisis.* We reverse the Court of Appeals' holding that the plaintiff stated a claim of negligence *per se* based on ORS 471.410.

The third and fourth allegations purport to state two claims of common law negligence. Allegation number three states that the defendant was negligent for failing to call the police to remove the disorderly patrons who later assaulted the plaintiff. In allegation number four, the plaintiff alleges

---

[2] By failing to respond to a request for admissions, the plaintiff was deemed to admit that there was no contact between the plaintiff, Shively and his companions on the tavern premises. All of the contact between the plaintiff and Shively occurred in the street and in a parking lot near the tavern.

[3] The Court of Appeals used the term "statutory tort" to describe liability based on a statute independent of the common law. *Hawkins v. Conklin,* 87 Or App 392, 395, 742 P2d 672 (1987). "Statutory liability" is the preferred term for this type of liability. *Dunlap v. Dickson,* 307 Or 175, 179 n 3, 765 P2d 203 (1988).

[4] ORS 471.410(1) provides:

"No person shall sell, give or otherwise make available any alcoholic liquor to any person who is visibly intoxicated."

that the defendant was negligent in failing to protect the plaintiff when he left the tavern shortly after the management ejected the unruly patrons.

The defendant argues that ORS 30.950 bars the plaintiff's claims of common law negligence. At all times relevant to this action, ORS 30.950 provided:

"No licensee or permittee is liable for damages incurred or caused by intoxicated patrons off the licensee's or permittee's business premises unless the licensee or permittee has served or provided the patron alcoholic beverages when such patron was visibly intoxicated."[5]

According to the defendant, ORS 30.950 provides that licensees and permittees are not liable for common law negligence when an intoxicated patron leaves the premises and injures a third party unless the injuries occurred because the patron drove while he or she was intoxicated. Licensees and permittees would not be liable for other kinds of off-premises injuries. Although we agree with the defendant that ORS 30.950 bars the two claims of common law negligence, we reach this result for different reasons.

To understand the operation of ORS 30.950 in common law negligence actions, it is helpful to review this court's decisions addressing the common law liability of those who serve alcohol. At common law, anyone who served alcohol ordinarily was not liable for injuries resulting from the drinker's intoxication. *See Gattman v. Favro, supra,* 306 Or at 17. An exception to the general rule arose for cases in which:

"the host 'has reason to know that he is dealing with persons whose characteristics make it especially likely that they will do unreasonable things.' Such persons could include those already severely intoxicated, or those whose behavior the host

---

[5] All cites to ORS 30.950 in this opinion refer to the version of the statute set forth in the text. ORS 30.950 was amended in 1987. Or Laws 1987, ch 774, § 13. The statute now provides:

"No licensee, permittee or social host is liable for damages incurred or caused by intoxicated patrons or guests off the licensee, permittee or social host's premises unless:

"(1) The licensee, permittee or social host has served or provided the patron alcoholic beverages to the patron or guest while the patron or guest was visibly intoxicated; and

"(2) The plaintiff proves by clear and convincing evidence that the patron or guest was served alcoholic beverages while visibly intoxicated."

knows to be unusually affected by alcohol." *Wiener v. Gamma Phi, ATO Frat.,* 258 Or 632, 639, 485 P2d 18 (1971) (footnote omitted), quoting Prosser on Torts § 33, 175 (3d ed 1964).

Under *Wiener,* anyone who served alcohol to a guest and who had reason to know that the guest might act unreasonably could have been liable if the guest's intoxication causes injury to others. 258 Or at 639.

Relying on the principles of common law negligence announced in *Wiener,* this court upheld a jury verdict holding a tavern owner liable for a third party's injuries caused by a drunk driver in *Campbell v. Carpenter,* 279 Or 237, 566 P2d 893 (1977). In *Campbell,* the defendant tavern owner served alcoholic beverages to a patron when the patron was visibly intoxicated. The intoxicated patron later drove from the tavern and caused an accident in which the plaintiff's decedents were killed. Serving alcohol to the visibly intoxicated patron amounted to common law negligence because the tavern owner could reasonably have foreseen that the intoxicated patron would drive from the tavern and injure others off of the premises. 279 Or at 243-44.

ORS 30.950 was the legislature's response to *Campbell v. Carpenter, supra.* The beverage and restaurant industry sponsored the bill that became ORS 30.950. Legislative debate focused on stemming expansion of the common law liability of licensees and permittees when an intoxicated patron injured a third party off of the licensee's or permittee's premises. *See generally* Minutes, House Committee on Judiciary, June 11, 1979, pp 2-9, 11; *id.,* June 26, 1979, p 22-23; Minutes, Senate Committee on State and Federal Affairs and Rules, June 30, 1979, p 1; *Sager v. McClenden,* 296 Or 33, 39-40, 672 P2d 697 (1983). The sponsors sought to "roll back" the law to the state of the common law at or before the *Campbell* decision. Minutes, House Committee on Judiciary, June 11, 1979, p 11. To do so, they proposed relaxing the standard of care imposed on licensees and permittees. Instead of allowing recovery from a licensee or permittee who served someone who was visibly intoxicated, which was the common law standard of negligence in *Campbell,* the sponsors of the bill sought to bar recovery unless the tavern owner was grossly negligent in serving a visibly intoxicated patron. However, the legislature eventually rejected the gross negligence standard of care. ORS 30.950, as

enacted, codified the holding of *Campbell. Sager v. McClenden, supra,* 296 Or at 39.

ORS 30.950 provides that no licensee or permittee is liable for off-premises injuries caused by intoxicated patrons *unless* the licensee or permittee served alcohol to the patron when the patron was visibly intoxicated. It follows that any other negligent act or omission of a licensee or permittee which results in an intoxicated patron injuring someone off the premises will not form the basis for a common law negligence action against the licensee or permittee. We hold that in common law negligence actions governed by ORS 30.950, serving alcohol to someone who is visibly intoxicated is the only conduct for which tavern owners may be held liable for off-premises injuries. Thus, to state a common law negligence claim that is not barred by ORS 30.950, the plaintiff must allege that the licensee or permittee served alcohol to the person who injured the plaintiff when that person was visibly intoxicated. Otherwise, ORS 30.950 bars the claim.[6]

■ Turning to the complaint in this case, we conclude that the plaintiff failed to state a common law negligence claim. The plaintiff alleges that the defendant was negligent in failing to call the police to eject Shively and his companions when they became assaultive and in failing to protect the plaintiff when he left the tavern. Those are the only allegations upon which the plaintiff has relied as support for his claim of common law negligence. Such allegations do not state claims of common law negligence because the defendant can be liable only for serving alcohol to Shively and his companions when they were visibly intoxicated. ORS 30.950.

■ The part of the complaint upon which the plaintiff relied for his statutory liability claim includes an allegation

---

[6] The terms of ORS 30.950 do not support the defendant's argument that ORS 30.950 bars all actions, including common law actions, except those in which the plaintiff was injured by an intoxicated driver. *Gattman v. Favro,* 306 Or 11, 757 P2d 402 (1988), states only that statutory liability under ORS 30.950 is so limited. 306 Or at 22-24. Nothing in the provisions of the statute limits the common law liability of licensees and permittees based on the manner in which the intoxicated patron injured the plaintiff. Furthermore, the legislative history does not indicate an intent to distinguish between the types of risks associated with intoxication. The purpose of ORS 30.950 was to protect commercial alcohol servers, not to protect a particular class of plaintiffs, such as those who were injured by intoxicated drivers. *See Sager v. McClenden,* 296 Or 33, 37-39, 672 P2d 697 (1983). ORS 30.950 does not limit common law recovery to plaintiffs who were injured by intoxicated drivers.

that the defendant served alcohol to Shively and his companions when they were visibly intoxicated. It is disputed whether we should consider this allegation as part of the claim of common law negligence, or whether the allegation supports only the statutory liability claim. If we read this allegation as part of the claim of common law negligence, ORS 30.950 would not bar the action. The complaint nevertheless would not state a common law negligence claim because the plaintiff failed to allege foreseeability. The plaintiff alleged that Shively and his companions threw chairs and threatened other patrons in the tavern, but he did not allege that the defendant knew about the threats and unruly conduct or that the defendant otherwise had reason to know of Shively's violent propensities at the time the defendant served alcohol to Shively and his companions. Without alleging facts that would allow a jury to determine that the defendant should have foreseen the risk of harm, the plaintiff cannot state a common law negligence claim. *Moore v. Willis,* 307 Or 254, 767 P2d 62 (1988).

In conclusion, we hold that the complaint does not state a claim for relief. Principles announced in previous decisions of this court demonstrate that the plaintiff has not stated claims of statutory liability based on ORS 30.950 or negligence *per se* based on ORS 471.410(1). The allegations of common law negligence fail to state a claim. Therefore, the trial court did not err in granting the defendant's motion for judgment on the pleadings.

The decision of the Court of Appeals is reversed. The judgment of the trial court is affirmed.