Argued and submitted February 12, reversed and remanded July 9, petition for review allowed October 23, 2014 (356 Or 400)

Jennifer J. BAKER,
Personal Representative of
the Estate of Tyler R. Baker,
*Plaintiff-Appellant,*

*v.*

Matthew A. CROSLIN,
*Defendant-Respondent,*

*and*

Tyler Gregory SMITH,
*Defendant.*

Multnomah County Circuit Court
110607278; A151932

330 P3d 698

Jan K. Kitchel argued the cause for appellant. With him on the briefs were Andrew J. Lee, Jordan R. Silk, and Schwabe, Williamson & Wyatt, P.C.

James L. Hiller argued the cause for respondent. With him on the brief was Hitt Hiller Monfils Williams LLP.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Lagesen, Judge.

LAGESEN, J.

**LAGESEN, J.**

This case arises out of a terrible accident. Tyler Baker, Tyler Smith, and Matthew Croslin, among others, gathered at Croslin's house to watch the fourth game of the 2010 National Basketball Association finals. The three, who had been friends since childhood, all legally possessed hand-guns that they carried that evening. When the game was nearly over—having consumed a fair amount of alcohol—the men began acting out self-defense scenarios using their guns, which they thought were unloaded. Smith's gun was not unloaded. Instead, it was loaded with a Magtech hollow-point bullet that Smith had obtained from Croslin earlier in the evening. While Smith and Baker were acting out a robbery, Smith's gun discharged, killing Baker.

Plaintiff Jennifer Baker, Baker's widow and the personal representative of Baker's estate, initiated this wrongful death action against Smith and Croslin. The trial court granted summary judgment to Croslin (hereinafter, defendant) on the ground that ORS 471.565(2) barred the claims against defendant because there was insufficient evidence to permit a factfinder to find that defendant "served or provided alcoholic beverages" to Smith while Smith was visibly intoxicated.[1] We conclude otherwise and reverse.

Plaintiff's complaint alleged that defendant was negligent (1) in "unreasonably serving Smith alcohol while Smith was in a visibly intoxicated state," (2) in "unreasonably encouraging quick draw handgun activity while Smith was in a visibly intoxicated state," and (3) in "unreasonably encouraging Smith to load his unloaded handgun with Magtech hollowpoint ammunition while Smith was in a visibly intoxicated state." Defendant moved for summary judgment on three grounds: (1) that under ORS 471.565, as construed in *Hawkins v. Conklin*, 307 Or 262, 768 P2d 66 (1988),[2] defendant can be liable to plaintiff *only* for serving

---

[1] Smith is not a party to this appeal.

[2] *Hawkins* addressed *former* ORS 30.950 (1979), which governed the liability only of licensees and permittees; *former* ORS 30.955 (1979) governed the liability of social hosts. In 1987, the legislature repealed *former* ORS 30.955 and amended *former* ORS 30.950 to govern the liability of social hosts as well as licensees and permittees. Or Laws 1987, ch 774, §§ 13-14. In 2001, the legislature further amended *former* ORS 30.950 and renumbered it to its current designation, ORS

alcohol to Smith while Smith was visibly intoxicated and cannot be liable for negligently encouraging gunplay; (2) that ORS 471.565(2)(a) bars liability because there is insufficient evidence to permit a factfinder to find that defendant served or provided alcohol to Smith while Smith was visibly intoxicated; and (3) that the "complicity doctrine" codified at ORS 471.565(2)(b) bars the claims against defendant. The trial court granted the motion, concluding that all claims against defendant "rise and fall on the issue of whether or not Mr. Smith was served while he was visibly intoxicated," and that plaintiff presented insufficient evidence to permit a reasonable factfinder to find that defendant served or provided alcohol to Smith while Smith was visibly intoxicated. The trial court entered a limited judgment in favor of defendant.

On appeal, plaintiff asserts that the trial court erred in concluding that the evidence in the summary judgment record was insufficient to permit a factfinder to find that defendant served or provided alcohol to Smith while Smith was visibly intoxicated. Alternatively, she asserts that, even if the evidence is insufficient to permit a factfinder to find that defendant served or provided alcohol to Smith while Smith was visibly intoxicated, the trial court erred in concluding that ORS 471.565 bars her claims predicated on Smith's alleged negligence in encouraging gunplay.

On review of a trial court's grant of summary judgment, "we view the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to * * * the party opposing the motion." *Jones v. General Motors Corp.*, 325 Or 404, 408, 939 P2d 608 (1997). Summary judgment is proper only "if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 638, 20 P3d 180 (2001) (citing ORCP 47 C). "A genuine issue of material fact is lacking when 'no objectively reasonable juror could return

---

471.565. Or Laws 2001, ch 534, § 1. Although the various amendments bear on some of the arguments made by the parties in the briefs, they do not ultimately bear on the disposition of this appeal. For that reason, we refer to ORS 471.565 by its current number; we express no opinion on the merits of the parties' arguments that hinge on certain amendments to the statute.

a verdict for the adverse party on the matter that is the subject of the motion for summary judgment.'" *Id.* at 638-39 (quoting ORCP 47 C).

ORS 471.565 proscribes and limits a social host's liability for harms caused by an intoxicated guest. That statute provides, in relevant part,

"(2) A person licensed by the Oregon Liquor Control Commission, person holding a permit issued by the commission or social host is not liable for damages caused by intoxicated patrons or guests unless the plaintiff proves by clear and convincing evidence that:

"(a) *The licensee, permittee or social host served or provided alcoholic beverages to the patron or guest while the patron or guest was visibly intoxicated*; and

"(b) The plaintiff did not substantially contribute to the intoxication of the patron or guest * * *[.]"

(Emphasis added.) Before us, defendant does not dispute his status as a "social host," and he does not cross-assign error to the trial court's denial of his motion for summary judgment on the ground that the conduct of plaintiff (or plaintiff's decedent) substantially contributed to Smith's intoxication. Accordingly, the specific issue presented to us is whether the summary judgment record, when viewed in the light most favorable to plaintiff, would permit a reasonable factfinder to find or infer that defendant "served or provided" alcohol to Smith while Smith was visibly intoxicated.

Although ORS 471.565 does not define what it means for a social host to have "served or provided" alcohol to a guest, the Supreme Court has made it clear, both before and after the enactment of ORS 471.565, that the key factor in assessing whether a particular defendant should be considered to have provided alcohol to a visibly-intoxicated person so as to support the imposition of liability is "the amount of control" that the defendant had over the alcohol that was supplied to the visibly-intoxicated person. *Solberg v. Johnson*, 306 Or 484, 491-92, 760 P2d 867 (1988); *Wiener v. Gamma Phi, ATO Frat.*, 258 Or 632, 639-40, 485 P2d 18 (1971). Where a defendant has no control over the supply of alcohol, the defendant cannot be liable for permitting a

person to become dangerously intoxicated from that supply. *Solberg*, 306 Or at 491-92 (discussing *Wiener*, 258 Or at 640). By contrast, if a defendant has control over the alcohol supply from which the visibly-intoxicated guest consumes alcohol, the defendant has "served or provided" the guest with alcohol. *Id.* at 492. The focus on the extent of a defendant's control over the alcohol supply flows from the Supreme Court's recognition that a person who has control over the alcohol supply is in a position to prevent harm to third parties that could result from further consumption of alcohol by persons who are already severely intoxicated. *Solberg*, 306 Or at 491-92; *Wiener*, 258 Or at 639-40, 643. Ultimately, "[t]he decision as to the amount of actual control rests with the trier of fact, not the court."[3] *Solberg*, 306 Or at 492.

Here, the evidence in the summary judgment record, viewed in the light most favorable to plaintiff, would permit a reasonable factfinder to find or infer that Smith consumed alcohol while he was visibly intoxicated from an alcohol supply over which defendant exercised control at the time and, consequently, that defendant "served or provided" alcohol to a visibly-intoxicated Smith.

First, the evidence in the summary judgment record would permit a reasonable factfinder to find that Smith was visibly intoxicated when he consumed his final drink before the shooting. The record contains evidence that Smith consumed his final shot of liquor "[r]ight before the incident." Additionally, plaintiff's ORCP 47 E affidavit, if credited, demonstrates that Smith was manifesting signs of intoxication in the moments immediately preceding the shooting. That declaration stated as follows:

"Plaintiff has retained an expert who is qualified, available, and willing to testify that Tyler Smith had far

---

[3] We observe that the Supreme Court's focus on whether a defendant had control over the alcohol that was supplied to a visibly-intoxicated person in assessing whether the defendant served or provided alcohol to the person is consistent with the approach taken by other state courts. *See Juliano v. Simpson*, 461 Mass 527, 536, 962 NE2d 175, 183 (2012) (holding that social-host liability "requir[es] actual or constructive alcohol service or effective control of the alcohol supply"); *Knight v. Rower*, 170 Vt 96, 101, 742 A2d 1237, 1241 (1999) (requiring plaintiffs to show that defendants "possess[ed] or control[led]" the alcoholic beverages provided to the visibly-intoxicated guest).

more drinks than he told the police, and that based on his level of intoxication revealed by blood alcohol tests later in the night, *he had probably a blood alcohol level of .17 to .20 at the time of the shooting,* and that he would have had to have consumed seven to ten drinks in the two hours prior to the shooting. He would have been visibly intoxicated. *At that level of intoxication, just prior to the shooting he would have had significant motor impairment and speech impairment.*"[4]

(Emphases added.) That evidence would permit a reasonable factfinder to find that Smith was exhibiting signs of visible intoxication—in the form of motor and speech impairment—when he consumed his final drink.

Second, the record also contains evidence from which a reasonable factfinder could infer that defendant had control over the alcohol supply from which Smith consumed that final drink and, thus, that defendant "served or provided" Smith with that drink. The record would permit a factfinder to find that Smith's final drink was either a shot of whiskey or a shot of rum, neither of which Smith had brought with him. A factfinder could find further that the only potential sources of Smith's final drink were defendant's home bar or a bottle of Cockspur rum that defendant had purchased for decedent and for which decedent had reimbursed defendant. Either way, when all reasonable inferences are drawn in favor of plaintiff, a reasonable factfinder could infer that defendant had control over the source of Smith's final drink.

Specifically, even if the final drink came from the bottle of Cockspur rum, and not from the supply of alcohol that defendant had on hand—and over which defendant plainly could be deemed to have control on this record—a reasonable factfinder could infer that defendant had control over that bottle of Cockspur rum from evidence in the record demonstrating that (1) defendant was the host of the gathering; (2) the gathering took place at defendant's house; (3) defendant had procured the bottle of Cockspur rum for the gathering; and (4) the rum was not consumed exclusively

---

[4] Plaintiff also submitted an analytical report revealing that Smith's blood alcohol content was still 0.077 more than six hours after the shooting.

by decedent, and defendant and other guests consumed shots of the Cockspur rum after the point in time when decedent had reimbursed defendant for the rum. Those facts permit the reasonable inference that the Cockspur rum was part of a supply of hard alcohol which defendant made available to his guests and over which defendant had control. *See Wiener,* 258 Or at 643 (concluding that allegations that fraternity planned and conducted party, invited guests—including minors—and caused alcoholic beverages to be served or made available to party guests, if proved, were sufficient to hold fraternity liable for harm caused by intoxicated minor who consumed alcohol at the party). Although that is not the only permissible inference from the evidence—a factfinder could also permissibly infer to the contrary that decedent's reimbursement of defendant eliminated defendant's control over the bottle of Cockspur rum and placed that control in the hands of decedent—it is a reasonable inference. Given those competing permissible inferences as to defendant's control over the alcohol supply, "[t]he decision as to the amount of actual control rests with the trier of fact, not the court." *Solberg,* 306 Or at 492.

Defendant argues that even if we conclude—as we have—that the evidence is sufficient to permit a reasonable factfinder to find or infer that defendant served or provided alcohol to Smith while he was visibly intoxicated, we nevertheless must affirm the grant of summary judgment with respect to the two claims that defendant negligently encouraged gunplay. According to defendant, *Hawkins* stands for the proposition that ORS 471.565 bars all claims of negligence against a social host except for a claim that the host negligently served or provided alcohol to a guest while the guest was visibly intoxicated.

Defendant misreads *Hawkins. Hawkins* did not hold that ORS 471.565 bars all claims against a licensee, permittee, or social host for harm resulting from an intoxicated person except for a claim that the licensee, permittee, or social host negligently over-served alcohol to the intoxicated person. Rather, *Hawkins* stands for the proposition—at most—that the statute requires a plaintiff seeking to hold a licensee, permittee, or social host liable for harm caused by an intoxicated person to establish, as a prerequisite

to liability, that the defendant served or provided alcohol to the intoxicated person while that person was visibly intoxicated.[5]

Notably, in *Hawkins*, as here, the plaintiff—who was harmed by an intoxicated patron served by the defendant— alleged that the defendant tavern was negligent in ways other than over-serving alcohol to the intoxicated person. The plaintiff alleged that the tavern negligently failed to call the police to eject the unruly, intoxicated patron who injured the plaintiff, and that it negligently failed to protect the plaintiff from the patron when the plaintiff left the tavern. The Supreme Court observed that it was "disputed" whether the plaintiff had alleged, as part of his negligence claim, that the tavern had served alcohol to the harm-causing patron while he was visibly intoxicated. *Hawkins*, 307 Or at 268-69. The court acknowledged, however, that, *if it construed the complaint to allege that the defendant* had served the assaultive patron while he was visibly intoxicated as part of the negligence claim, ORS 471.565 *"would not bar the action."*[6] *Id.* at 269 (emphasis added). In other words, contrary to defendant's argument, the Supreme Court expressly recognized that if the *Hawkins* plaintiff were able to establish that the defendant served the patron alcohol while the patron was visibly intoxicated, then ORS 471.565 *would not operate to bar* the plaintiff's claims for negligence predicated on the defendant's conduct other than the over-service of alcohol, namely, the defendant's failure to call the police and to protect the plaintiff from the intoxicated patron.

---

[5] The parties dispute whether ORS 471.565 requires plaintiff to prove that defendant served or provided alcohol to Smith while Smith was visibly intoxicated in order to prevail on the negligence claims predicated on defendant's alleged encouragement of gunplay. We do not resolve that dispute at this time. Even if ORS 471.565 applies to the claims arising from defendant's alleged encouragement of gunplay, it does not entitle defendant to summary judgment on those claims because of the evidence in the record that would permit a reasonable factfinder to find or infer that defendant served or provided alcohol to Smith while Smith was visibly intoxicated. Accordingly, nothing in our decision today precludes the parties on remand from further developing their theories regarding the applicability of ORS 471.565 to the gunplay claims as necessary and appropriate.

[6] The court nonetheless rejected the plaintiff's common-law negligence claim because the plaintiff failed to allege foreseeability. *Hawkins*, 307 Or at 269.

Here, plaintiff pleaded—and then presented sufficient evidence on summary judgment to permit a reasonable factfinder to find or infer—that defendant served or provided alcohol to Smith while Smith was visibly intoxicated. Because plaintiff has done so, *Hawkins* provides no basis on which to uphold the trial court's grant of summary judgment as to the specifications of negligence relating to defendant's alleged conduct of negligently encouraging gunplay.

In sum, the evidence in the summary judgment record would permit a reasonable factfinder to infer that defendant had control over the alcohol supply from which Smith consumed at least one drink while visibly intoxicated and, therefore, that defendant "served or provided" alcohol to Smith while Smith was visibly intoxicated. Consequently, defendant has not established as a matter of law that ORS 471.565 bars plaintiff's claims and is not entitled to summary judgment.

Reversed and remanded.